Lizzie Fitzgerald et al. v. Western Union Telegraph Co.

Delivered January 14, 1897.

**1. Actions For Personal Injuries—Death of Plaintiff—Abatement.**

Before the passage of the Act of May 4, 1895, an action against a telegraph company for mental anguish suffered by the plaintiff on account of delay in the delivery of a telegram, abated upon the death of the plaintiff.

**2. Same—Abatement—Construction of Statute.**

The Act of May 4, 1895, providing for the survival of causes of action for personal injuries other than those resulting in death, does not extend to actions already abated at the date of the act.

Appeal from Lavaca. Tried below before Hon. T. H. Spooner.

*H. J. Huck, Jr.,* for appellants.

*Kittrell & Allen,* for appellee.

PLEASANTS, Associate Justice.—The nature and result of this suit is thus stated in the brief of counsel for appellants.

"This is a suit for damages for negligent delivery of a telegram, filed by Lewis Fitzgerald against the Western Union Telegraph Company November 13, 1894. On the 17th day of November, 1894, said Lewis Fitzgerald departed this life, and on the 4th day of February, 1895, Lizzie Fitzgerald filed her application in the District Court of Lavaca County, Texas, asking leave to prosecute this suit in behalf of herself and minor children, and accordingly on said date, at a regular term of said court, said application was granted.

"On February 5, 1895, defendant filed its original answer, consisting of a general demurrer and general denial. On August 5, 1895, defendant filed its first amended original answer, consisting of general demurrer, special exceptions, plea in avoidance, and general denial, in the order here stated. On the 6th day of August, 1895, plaintiffs filed a motion to strike out the special exceptions and plea in avoidance in defendant's first amended original answer. Defendant's waiver of its special exceptions in its first amended original answer is shown by no

ruling of the court thereon appearing of record; and plaintiffs' waiver of their objections to the order of filing the plea in avoidance, etc., is shown in the same manner.

"The case was tried by a jury on plaintiffs' original petition and upon defendant's first amended original answer on the 5th day of August, 1895; and afterwards, on the same day, a verdict was rendered for the defendant, upon which a judgment was duly entered. On the 7th day of August, 1895, plaintiffs filed their motion for new trial, and on August 30, 1895, plaintiffs filed, by leave of court, their first amended original motion for new trial, and afterwards, on the same day, said motion for new trial was heard by the court and overruled; and from such ruling of the court plaintiffs then and there in open court gave notice of appeal."

This statement of the case suggested to us these questions: First, did or did not the alleged cause of action abate upon the death of the original plaintiff? And, second, if the action abated, what effect, if any, did the act of the Twenty-fourth Legislature, approved May 4, 1895, providing for the survival of causes of action for personal injuries, other than those resulting in death, and for their enforcement, have upon the rights of the parties litigant? As neither of these questions was presented in either appellants' or appellee's brief, we postponed the consideration of the cause, and requested counsel to furnish us with arguments and authorities upon the points suggested, and, in compliance with our request, counsel for both appellants and for appellee have filed written arguments, with citations of authorities relied on by them respectively.

Upon due consideration of the case, our conclusions are that the cause of action did abate, and that the act of the Twenty-fourth Legislature above cited cannot be construed to embrace within its scope causes of action which had abated prior to the date of the act, and that the proper judgment to have been rendered by the lower court was one of dismissal; but as the judgment rendered for the defendant is, in its result, the same as if the suit had been dismissed, the judgment should be affirmed. This suit is one for the recovery of damages for personal suffering of the original plaintiff, caused, as alleged, by the negligence of the defendant company in failing to deliver within reasonable time a telegram sent by plaintiff from Hallettsville, over defendant's line, to his brother at Cuero. We think it clear that the common law maxim, "Actio personalis moritur cum persona," is applicable to this suit. At common law, causes of action founded in tort do not survive, as a general rule, to the representatives of the plaintiff, upon his death, and such is the result as to actions founded on contract, where the contract is purely personal, or where the injury resulting from the breach of the contract consists entirely of personal suffering. 7 Lawson's Rights, Remedies and Practice, secs. 3436, 3437; Ritz v. City of Austin, 1 Texas Civ. App., 455.

Whether the plaintiffs' cause of action be founded on contract or tort

it is unnecessary to decide, as, in either case, the suit, in our judgment, abated upon the death of the original plaintiff.

The judgment is affirmed.                          *Affirmed.*