JOHN N. ELLYSON ET AL. V. INTERNATIONAL & GREAT NORTHERN
RAILROAD COMPANY.

Decided June 10, 1903.

**1.—Injuries Resulting in Death—Survival of Cause of Action.**

An action for injuries to the person, though brought by the injured party
in his lifetime, does not survive in favor of his heirs or legal representatives,
under article 3353a, Revised Statutes, where the death of the injured person
afterwards results from such injuries; the actions surviving under that statute
are "other than those resulting in death."

**2.—Same—Expenses Resulting From Injuries.**

Expenses caused to heirs and relatives in treating the injuries of deceased
did not, as a cause of action to them, survive her death resulting from such
injuries.

**3.—Proximate and Remote ·Cause—Efficient Cause.**

In determining the cause of an event the law looks to the prominent and
efficient agent bringing it about, in disregard of others concurring but slightly
to produce the result.

**4.—Same—Charge.**

Where plaintiff's recovery depended on establishing the fact that the cause
of death was not injuries to the person in a railway accident, but diarrhea, an
instruction precluding recovery in case death would not have resulted from such
diarrhea alone, but was in part caused by the injuries, was erroneous in pre-
venting a consideration of the efficient agent as the legal cause if another but
slightly co-operated to produce the result.

**5.—Same.**

The effect of a diseased physical condition before the receiving of personal
injuries, as well as that occurring after, is proper to be considered in deter-
mining the proximate and efficient cause of death.

Appeal from the District Court of Williamson. Tried below before
Hon. R. L. Penn.

*Nelms & Sansom* and *G. W. Glasscock,* for appellants.

*S. R. Fisher* (*N. A. Stedman,* of counsel); for appellee.

FISHER, CHIEF JUSTICE.—This suit was originally brought by Mrs.
Mary Ellyson against the railroad company on the 25th of November,
1902, for damages for personal injuries received by her while a pas-
senger on one of defendant's trains, said injuries being produced by a
collision of the passenger and a freight train at Lewis station.

The petition alleges that the collision arose from the negligence of
the defendant, and such fact is established by the evidence. It is averred
that the nature of the injuries sustained were bruises upon the head and

arm, and that her left thigh was broken, all of which caused her to suffer physical and mental pain.

On the 1st day of December, 1902, Mrs. Ellyson died, and on January 6, 1903, the appellants as her children suggested her death and made themselves parties plaintiff, and were granted leave to file a first amended original petition. In this petition averments of negligence and injuries sustained by Mrs. Ellyson were alleged by the plaintiffs; and in addition they alleged that they had expended certain sums for medical services, nurse hire and medicine.

The court sustained a demurrer to plaintiffs' amended petition on the ground that it did not allege that the death of Mrs. Ellyson did not result from the injuries she had sustained. Thereupon the plaintiffs filed a trial amendment, in which they alleged that Mrs. Ellyson did not die from the injuries complained of in their first amended original petition, and that said injuries were not the direct or proximate cause of her death.

There is evidence in the record which tends to establish the fact that Mrs. Ellyson died either from the effect of diarrhea and bowel trouble or the concurring effect of the bowel trouble and diarrhea and the injuries she sustained in the collision; and there is some evidence which has a tendency to show that the bowel trouble was the proximate, prominent and efficient cause of her death, and that the injuries may have only slightly contributed to that result.

Appellants by assignments of error complain of the action of the trial court in sustaining a demurrer to their amended original petition, and requiring them to proceed with the trial of the case upon the theory that the plaintiffs could not recover if the injuries received by Mrs. Ellyson in the collision were the proximate and efficient cause of her death. The appellants contend that the cause of action as originally brought by Mrs. Ellyson survived, and that they were entitled to recover, although her death was attributable to the injuries she had sustained. In support of this view, appellants refer us to articles 4507, 3017, 3021 and 3353 of Sayles' Civil Statutes.

In our opinion, this action by the appellants is predicated upon the last article of the statute mentioned, and the others referred to have no bearing upon the subject, except as they may be serviceable in an argumentative way. Article 3353a is as follows:

"Causes of action upon which suit has been or may be hereafter brought by the injured party for personal injuries, other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and so surviving, such cause may thereafter be prosecuted in like

manner and with like legal effect as would a cause of action for injuries to personal property."

This suit was, prior to the death of Mrs. Ellyson, instituted by her to recover the damages sustained to her person by reason of the collision. If she died as a result of the injuries then received, the plaintiffs could have maintained an action under what is termed the death statute, as shown by articles 3017 and 3021; but the petition of the plaintiffs was not framed with a view of seeking relief under these provisions of the statute, but as said before, was predicated upon article 3353a, which expressly gives a cause of action, and a survival of the same, for injuries other than those resulting in death. There was no survival of an action of this class at common law, and when the remedy is pursued under the statute, it must be confined to the class there mentioned and predicated upon the conditions pointed out by the law. The terms of the statute only permit the survival of the cause of action when the personal injuries do not result in death. This is clear from the meaning of the expression "for personal injuries, other than those resulting in death." There was no error in the ruling of the trial court upon this subject.

Appellants in their eleventh assignment of error insist that if the railroad company could not be held liable for the injuries sustained by Mrs. Ellyson, it would nevertheless be liable for the reasonable amounts expended by the plaintiffs in her last illness. We can not agree with appellants in this contention. If the railroad company was not liable upon the main branch of the case, it would not be liable for the items expended by the plaintiffs in treating and caring for Mrs. Ellyson during her last illness, although such expenses were incurred on account of the injuries she sustained. If the defendant could be held liable under the statute upon which this suit was based, then the plaintiffs could recover for the sums shown to be reasonable that were expended as items in treating Mrs. Ellyson for her injuries.

The charge of the court, after stating the issues raised by the pleadings, is as follows:

"4. Upon the trial the defendant has formally admitted that the said Mrs. Mary Ellyson was at the time alleged a passenger for hire upon said train, and that the said collision of said two trains, and the injuries sustained by said Mrs. Mary Ellyson were occasioned by negligence of defendant's servants and employes operating said two trains.

"5. This is not a suit by plaintiffs against defendant for damages sustained by them on account of the death of said Mrs. Mary Ellyson, but on the contrary, they allege that the death of Mrs. Mary Ellyson was not the result of the injuries sustained by her in such collision, and the controlling question in this case is, was the death of said Mrs. Mary Ellyson the result of the injuries sustained by her in such collision? and the burden is upon the plaintiffs to show by a preponderance of the evidence that her death was not the result of such injuries before they can recover in this suit.

"6. If you believe from a preponderance of the evidence that after receiving the said injuries in such collision, the said Mrs. Mary Ellyson became affected with diarrhea or bowel disease, and that such diarrhea or bowel disease arose independently of the injuries sustained by her in such collision, and was not caused by such injuries, and that such diarrhea or bowel disease acting independently of the injuries sustained by her in such collision caused her death, then you are instructed, as a matter of law, that her death was not the result of the injuries sustained by her in such collision.

"7. On the other hand, you are instructed that if you believe from the evidence that such diarrhea or bowel disease was caused by the injuries received by the said Mrs. Mary Ellyson in such collision, or arose as a result of the effects of such injuries upon her physical strength or system, or arose as a result of the confinement resulting from such injuries, or if you believe from the evidence that such diarrhea or bowel disease was not caused by such injuries, and did not arise as a result of the effects upon her physical strength and system of such injuries, and did not arise as a result of the confinement resulting from such injuries, but further believe that the death of said Mrs. Mary Ellyson was caused by the concurring effects upon her strength and system of such injuries, and of such diarrhea or bowel disease, and that her death would not have resulted from such diarrhea or bowel disease alone, but was, in part, caused by such injuries, then you are instructed as a matter of law, that, in either of such events, her death was the result of such injuries."

The charge then proceeds to submit to the jury the measure of damages if the plaintiffs should recover. As before said, there is some evidence in the record tending to show that the diarrhea or bowel disease was the prominent efficient cause of her death; and there is evidence which might authorize the conclusion that the injuries sustained by her as the result of the collision only slightly contributed to that result.

In view of this testimony, we are of the opinion that a portion of the charge as last stated was erroneous. This in effect informs the jury that they could consider the injuries as the cause of her death, if they in part, operating concurrently with the diarrhea or bowel disease, brought about such result. So much of the charge as is embraced within the criticism is as follows: "and that her death would not have resulted from such diarrhea or bowel disease alone, but was, in part, caused by such injuries, then you are instructed, as a matter of law, that in either of such events her death was the result of such injuries." The jury may have inferred from this charge, by the use of the expression "in part caused by such injuries," that they were authorized to consider the injuries as one of the causes of death, although they were so slight that it could not be said that they were a proximate, prominent, efficient cause in producing that result.

To attribute death to two or more concurrent causes, each must be a

prominent efficient cause, for if one of the alleged causes operates slightly with another, which is the prominent efficient cause, then the proximate cause of death should be traced to the latter. In Insurance Co. v. Transportation Co., 12 Wall., 199, the Supreme Court of the United States states the rule in this language: "There is undoubtedly difficulty in many cases, attending the application of the maxim, 'Proxima causa, non remota spectatur,' but none when the causes succeed each other in order of time. In such cases the rule is plain. When one of several successive causes is sufficient to produce the effect, for example, to cause a loss, the law will never regard an antecedent cause of that cause, or the causa causans. In such a case there is no doubt which cause is the proximate one within the meaning of the maxim. But when there is no order of succession in time, when there are two concurrent causes of a loss, the predominating efficient one must be regarded as the proximate, when the damage done by each can not be distinguished. Such is, in effect, Mr. Phillips' rule. And certainly that cause which set the other in motion and gave to it its efficiency for harm at the time of the disaster, must rank as predominant."

In Freeman v. Mercantile Accident Association, 156 Mass., 353, the court says: "Where different forces and conditions concur in producing a result, it is often difficult to determine which is properly to be considered the cause; and, in dealing with such cases the maxim 'Causa proxima, non remota spectatur,' is applied. But this does not mean that the cause or condition which is nearest in time or space to the result is necessarily to be deemed the proximate cause. It means that the law will not go further back in the line of causation than to find the active, efficient procuring cause of which the event under consideration is a natural and probable consequence, in view of the existing circumstances and conditions. The law does not consider the cause of causes beyond seeking the efficient predominant cause, which, following it no further than those consequences that might have been anticipated as not unlikely to result from it, has produced the effect. An injury which might naturally produce death in a person of a certain temperament or state of health is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different; and this is so as well when death comes through the medium of a disease directly induced by the injury, as when the injury immediately interrupts the vital processes."

The principle here outlined is further illustrated in applying the law that relates to contributory negligence. In the latter class of cases it is the concurring negligence of the plaintiff with the negligence of the defendant that excuses the latter from liability. The negligence of the plaintiff, to preclude him from recovery, must amount to want of ordinary care. If his concurring negligence is so slight that it did not amount to a want of ordinary care, then his conduct could not be said to be an efficient or proximate cause of his injuries.

In Cremer v. Portland, 36 Wis., 92, it is said: "If the plaintiff was

guilty of any want of ordinary care and prudence, however slight, which neglect contributed directly to produce the injuries, he can not recover. It is not the law that slight negligence on the part of the plaintiff will defeat the action. Slight negligence is the want of extraordinary care and prudence, and the law does not require of a person injured by the carelessness of others to exercise that high degree of caution as a condition precedent to his right to recover damages for the injuries thus sustained." And, as said in Strong v. Railway Co., 61 Cal., 326: "It is not any degree of negligence, however slight, that will preclude a recovery, but it must be such negligence as amounts to the absence or the want of ordinary care."

This rule may be illustrated by a number of cases which it is unnecessary to cite. We are of the opinion that the court erred in the charge for the reasons stated; and for this error, the judgment will have to be reversed.

The sixth subdivision of the charge as quoted is also complained of by the appellants, on the ground that it limits the jury to a consideration of the effect of diarrhea and bowel disease after Mrs. Ellyson sustained her injuries. We do not make this objection ground of reversal; for in our opinion the error of the court in this respect was invited by the special instructions requested by the plaintiffs, which were refused; but, in view of another trial, we suggest that in submitting the question to the jury they be allowed to consider the effect of the bowel trouble before as well as after the injuries, in operating to produce the death of Mrs. Ellyson.

There are some objections urged to those charges quoted as being on the weight of evidence. We do not think these objections well taken.

*Reversed and remanded.*