INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. JOHN N. ELLYSON ET AL.

Decided April 25, 1906.

**1.—Proximate Cause—Evidence.**

In a case where a plaintiff died during pendency of her suit for damages for personal injuries, and the action was continued by her heirs, who made themselves parties, the evidence is held sufficient to show that the proximate cause of the death was not such injury, but sickness from other causes, and the suit held maintainable, following ruling on previous appeal. **Ellyson v.** International & G. N. R. R. Co., 75 S. W. Rep., 868.

**2.—Proximate Cause—Charge—Definition.**

On the issue whether death was to be attributed to personal injury as its proximate cause, the evidence showing that it was brought about by a combination of weakened condition from the injuries and of an attack of diarrhoea, the following definition was held not erroneous: "The proximate cause is that which, in its natural sequence, unbroken by any efficient intervening cause, produces the death, and without which it would not have occurred. The remote cause is that which some independent force merely takes advantage of to produce a death which is not the natural and probable effect of such cause."

**3.—Damages.**

A verdict for $2,000 held not excessive in suit for personal injuries to a woman 82 years old, feeble, and incapable of earning anything, but suffering pain therefrom, the suit being a continuation by her heirs of her action pending at her death, and not one for injuries from her death.

Appeal from the District Court of Williamson County. Tried below before Hon. Victor L. Brooks.

*S. R. Fisher* (*N. A. Stedman,* of counsel), for appellant.—The definition given by the court of "proximate cause" was inaccurate and erroneous in that the court, in defining proximate cause, failed to advise the jury that a cause which induces, causes or sets in motion and renders effective for harm, the cause which is nearest to and directly produces the result—death—is nevertheless the proximate cause. Howard F. Ins. Co. v. Norwich, etc., Transportation Co., 12 Wall., 199; Freeman v. Mercantile Accident Assn., 156 Mass., 353; Neeley v. Ft. Worth, etc., Ry. Co., 96 Texas, 279; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, et seq., and authorities there cited; Brush Elec. L. & P. Co. v. Lefevre, 93 Texas, 604; Citizens Railway Co. v. Ford, 60 S. W. Rep., 680; Galveston, H. & S. A. Ry. Co. v. Kieff, 94 Texas, 338; Cole v. German, etc., Co., 124 Fed. Rep., 113, and cases cited.

The verdict of the jury is excessive, outrageous and unconscionable. Mrs. Ellyson was 82 years of age, of frail physique and incapable of earning anything; she did no work and made nothing. She was injured in a railroad collision and was confined to her bed from date of injury to time of her death. She suffered more or less pain. The jury awarded damages of $2,000.

*G. W. Glasscock, Jno. W. Parker* and *Cooper & Sansum,* for appellees.

FISHER, CHIEF JUSTICE.—This suit was originally brought by Mrs. Mary Ellyson to recover damages for personal injuries sustained by her while a passenger on one of the defendant's trains. The injuries were sustained in a collision at a crossing between the train in which she was a passenger and another train of the defendant, through the negligence of the agents and servants of defendant in charge of the trains. Mrs. Ellyson died November 1, 1902, and thereafter the appellees, as her heirs, suggested her death and made themselves parties plaintiff by filing their first amended original petition, upon which they went to trial. Trial before the court and jury resulted in a verdict and judgment in plaintiffs' favor for $2,000.

The principal question of law involved in this case was passed upon by this court in the former appeal of the case in 75 S. W. Rep., 868.

There is no controversy as to the fact of accident and the negligence of the appellant and the injuries sustained by Mrs. Ellyson. The only question of fact involved in this appeal is whether Mrs. Ellyson died from the effect of the injuries she received, or whether her death was attributable to a diarrhœa or bowel trouble. It is substantially conceded that this action can only be maintained by the appellees in the event it comes within the terms of article 3353a of the Revised Statutes, which we need not now discuss, as that provision of the law was construed by this court in its former opinion. If the proximate cause of her death was the injuries she received in the collision, the appellees can not recover; if the diarrhœa or bowel trouble was the cause, they are entitled to recover. It is seriously contended that the evidence establishes the fact that the injuries, and not the bowel trouble, was the proximate cause of her death. The attending physician, the principal witness who testified as to the cause of her death, crosses himself in some material particulars. Some part of his testimony is to the effect that the proximate cause of death was the diarrhœa or bowel trouble. This is contradicted by his own statement to the effect that the injuries were the cause, or proximately contributed thereto. There is evidence of some other witnesses of slight weight which tends to corroborate the opinion of the physician in his statement to the effect that death was caused by the bowel trouble or diarrhœa. As to how much of the testimony, or as to what part of it, of the physician, was entitled to credit, was a question to be passed upon and settled by the jury. We are not prepared to say that the verdict is without evidence to support it.

The third assignment of error complains of the court's definition of proximate and remote cause. As to proximate cause it is substantially the same as approved by the court in San Antonio & A. P. Ry. Co. v. Stevens, 11 Texas Ct. Rep., 399. There is no legal objection to the definition given to these terms by the trial court. If it was desired that they should be made plainer and more specific, a request to that effect should have been asked by special charge, which was not done.

There are several objections urged to the charge of the trial court, and some objections urged to the action of the court in refusing special instructions, which have been considered. The charge of the court, in connection with the special instructions that were given at the request of the appellant, in a proper way, substantially presented all the questions that were necessary to be passed upon.

What we have said as to the facts disposes of the tenth and eleventh assignments of error. The twelfth assignment of error is a general complaint as to the verdict being excessive. In view of the evidence, we are not prepared to say that the verdict was too large.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.