### BLACK v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 1, 1913. Rehearing Denied Nov. 29, 1913.)

1. ABATEMENT AND REVIVAL (§ 54*)—DEATH (§ 47*)—SURVIVORSHIP.

In an action by a surviving widow for personal injuries to her deceased husband, the petition, which did not allege whether the injuries received did or did not result in his death, failed to state a cause of action, either under Rev. Civ. St. 1911, art. 4694, providing an action for wrongful death, or article 5686, providing that causes of action for personal injuries other than those resulting in death shall not abate by reason of the death of the injured person; the latter action not surviving at common law, and the former being wholly a creature of statute.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 255–258, 261–270; Dec. Dig. § 54;* Death, Cent. Dig. § 61; Dec. Dig. § 47.*]

2. ABATEMENT AND REVIVAL (§ 54*)—PERSONAL INJURIES—DEATH OF PARTY.

No action can be maintained under Rev. Civ. St. 1911, art. 5686, providing that rights of action for personal injuries not resulting in death shall survive, unless the injury did not cause decedent's death.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 255–258, 261–270; Dec. Dig. § 54.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Mrs. W. C. Black against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Scarborough & Hickman, of Abilene, for appellant. Cunningham & Sewell, of Abilene, for appellee.

SPEER, J. Mrs. W. C. Black, the surviving widow of W. C. Black, who died on about the 1st of June, 1912, brought this suit against the Texas & Pacific Railway Company to recover damages for alleged personal injuries received by the deceased, and, from

a judgment sustaining a general demurrer to her petition and dismissing her cause of action, has appealed.

[1, 2] It is unnecessary for us to state the character of injuries received by the deceased or the grounds of negligence relied on by appellant, since these could in no manner affect the conclusion we have reached. Appellant's suit is not a death action brought under article 4694, Revised Civil Statutes 1911, for it is nowhere alleged that the injuries received by the deceased resulted in his death. The cause of action in deceased's favor abated at common law, and did not survive to his heirs and legal representatives, unless it comes within the scope of article 5686, Revised Civil Statutes 1911. That article provides that causes of action for personal injuries other than those resulting in death shall not abate by reason of the death of the injured person. Appellant's petition, however, nowhere alleges that the deceased's injuries did not result in his death. She, therefore, has not brought herself within the article last cited. Ellyson v. I. & G. N. R. Co., 33 Tex. Civ. App. 1, 75 S. W. 868. The court properly sustained the general demurrer to appellant's petition, and the judgment is affirmed.

Affirmed.