## ORANGE ICE, LIGHT & WATER CO. et al. v. TEXAS COMPENSATION INS. CO.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1922.)

No. 3762.

1. **Courts ⟗312(1)—Suit by subrogated compensation insurance company held not one by parties to whose rights company subrogated, as respects federal jurisdiction.**

   The federal court has jurisdiction of an action in Texas under Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—47) by the Texas Compensation Insurance Company, a Delaware corporation, against Texas corporations for pain and suffering and subsequent death of an employé of another corporation, a subscriber under the Texas Workmen's Compensation Act carrying insurance with plaintiff company; the compensation insurance company being subrogated to the rights of the employé and his wife, and the company, and not the employé and wife, being the real plaintiff, as the statute vests entire legal title to the cause of action in it primarily for its own security.

2. **Master and servant ⟗394½, New, vol. 5A Key-No. Series—Cause of action against wrongdoer for compensable injuries within Texas statute not abated by employé's death.**

   Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—35), providing that the cause of action survives "in all cases of injuries resulting in death" of employé, does not refer to suits against an employer who has taken out insurance; the right of action against such employer being taken away by part 1, section 3 (art. 5246—3) of the act, but is intended to preserve causes of action arising from those accidents to which the employer's insurance is applicable; i. e., injuries to employés for which third persons are liable under article 5246—47 to the subrogated insurer, and to prevent such causes of action against third persons not insured from abatement by death.

3. **Master and servant ⟗354—Employé sustaining compensable injury entitled to sue wrongdoer.**

   Where telephone company's employé sustained a compensable injury by being thrown from a telephone pole through coming in contact with guy wire of paper mill company, charged with electricity from defectively insulated high-tension wires of a light company, if he had a cause of action against the telephone company for failure to furnish him a safe place to work, he none the less had a good cause of action against the light company and paper mill for causing the place to be unsafe, as their fault preceded and caused the fault, if any, of the telephone company.

In Error to the District Court of the United States for the Eastern District of Texas; W. L. Estes, Judge.

Action by the Texas Compensation Insurance Company against the Orange Ice, Light & Water Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

George E. Holland, of Orange, Tex., for plaintiffs in error.

George D. Anderson, of Beaumont, Tex., Joseph D. Frank, of Dallas, Tex., and James A. Harrison, of Beaumont, Tex., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

⟗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KING, Circuit Judge. The Texas Compensation Insurance Company, a corporation (hereinafter styled plaintiff), a citizen of Delaware, brought suit against the Orange Ice, Light & Water Company (hereinafter styled Light company) and Yellow Pine Paper Mill Company (hereinafter styled paper mill), two corporations, each a citizen of Texas, as defendants, to recover for injuries inflicted on Jesse L. Dowdell, and for his death, resulting therefrom, under the provisions of the Texas Workmen's Compensation Law. Vernon's Complete Texas Statutes. art. 5246, subsections 1–91, inclusive.

Dowdell was employed by the Southwestern Telephone & Telegraph Company (hereinafter styled telephone company), which carried insurance with the plaintiff, and is what is styled a subscriber under said Texas Workmen's Compensation Act. Dowdell suffered injuries from being thrown from a pole of the telephone company through coming in contact with a guy wire of the paper mill fastened to a pole erected by said mill a few feet from the telephone company's pole which guy wire passed within 4 inches of said telephone pole. The guy wire extended about 150 feet from the telephone pole, just under the high-tension wires of the light company which carried 2,300 volts of electricity. These high-tension wires were permitted to become slack and to rest on the guy wire for so long a time that the insulation was worn and the guy wires charged. The guy wire had no circuit breakers, or any other device to prevent it becoming highly charged. Dowdell had no knowledge of the presence of electricity on the guy wire. His foot came in contact with the guy wire, and he was so shocked that he was thrown from the telephone pole, was badly injured, and after some months died from the effects of his injuries.

The Texas workmen's compensation statute provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may, at his option proceed either at law against that person to recover damages or against the association for compensation under this act, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under the provisions of this act; if compensation be claimed under this act by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries." Vernon's Complete Texas Statutes, art. 5246–47.

Said Dowdell during his lifetime elected to receive compensation from the plaintiff association and after his death his widow claimed compensation from it which was adjusted and paid. During Dowdell's lifetime the plaintiff association brought suit against the light company and the paper mill in the United States District Court for the Eastern District of Texas, in its own name, to recover damages for the joint

use of itself and said Dowdell. After his death and the payment made to his widow, plaintiff filed an amended petition alleging said Dowdell's death on March 23, 1919, leaving his widow, Ina Dowdell, as his sole beneficiary, that plaintiff had settled with his widow for her claims under its policy of insurance, that the cause of action of Jesse L. Dowdell for pain and suffering survived to said widow, and that she had her cause of action for his death, that under the said compensation statute plaintiff was subrogated to said causes of action and filed this amended petition seeking to recover $10,000 for said pain and suffering and $40,000 for said death of said Dowdell, for the use of itself and said Ina Dowdell, who was then a citizen of Mississippi, from which recovery plaintiff should reimburse itself the sums it had paid to said Jesse L. Dowdell and Ina Dowdell and its reasonable attorney's fees. It averred it had contracted to pay a contingent fee of one third of the recovery, which was reasonable, the balance recovered, if any, to be for the benefit of Ina Dowdell.

The trial resulted in a verdict for the plaintiff against both defendants for $5,000 for the pain and suffering, and $7,000 for the death, of said Dowdell. The defendants seek to reverse a judgment on such verdict, authorizing the plaintiff to reimburse itself by retaining the sum of $331.94 paid to Jesse Dowdell, $2,614.92 doctor's bills and other expenses in his care until his death, and $3,564.17 paid by it to Mrs. Dowdell, and $4,000 as attorney's fees to its attorneys, and the balance to go to Mrs. Dowdell.

[1] 1. The first point urged is that the United States court was without jurisdiction because, while the plaintiff is a citizen of Delaware and defendants citizens of Texas, Jesse L. Dowdell and Mrs. Ina Dowdell are to be considered for the purpose of jurisdiction as joint plaintiffs, and that at the time the original suit was filed they were citizens of Texas. We do not think this point is well taken. Here the plaintiff, because of payments made and contracts entered into, had become pecuniarily interested in this cause of action. The statute of Texas had deprived the employé and his representatives, who elected to hold the insurance association of all right to institute an action against a wrongdoer. The right to institute suit was by the statute lodged in the association. It was subrogated to all rights of the employé and his representatives, is authorized to sue in its own name, with the right to reimburse itself all sums it had paid and its reasonable attorney's fee, as fixed by the court, and was accountable only for any surplus then left to the legal beneficiary. The entire legal title to the cause of action was under this statute vested in the association primarily for its own security. This made it the sole party plaintiff on whose citizenship the jurisdiction depended. As has been said by the Supreme Court of the United States:

"Subrogation is not assignment. The most that can be said is that the subrogated creditor by operation of law represents the person to whose right he is subrogated. But we have repeatedly held that representatives may stand upon their own citizenship in the federal courts irrespectively of the citizenship of the persons whom they represent, such as executors, administrators, guardians, trustees, receivers, etc. The evil which the law was intended to obviate was the voluntary creation of federal jurisdiction by simulated

assignments. But assignments by operation of law, creating legal repre sentatives, are not within the mischief or reason of the law. Persons subrogated to the rights of others by the rules of equity are within this principle. When, however, the state, or the governor of a state, is a mere figurehead, or nominal party, in a suit on a sheriff's or administrator's bond, the rule does not apply." New Orleans v. Gaines' Administrator, 138 U. S. 595, 606, 11 Sup. Ct. 428, 431 (34 L. Ed. 1102).

Though other persons may be interested in the recovery and named in the complaint as usees, they are not parties to the action and their citizenship is not to be considered in determining jurisdiction, where the legal title is vested in a party with a substantial interest.

Where a statute of Texas and decisions of her highest court gave to a general guardian of a minor the legal right to bring a suit in the state courts in his own name to recover for personal injuries sustained by the minor, it is held that such guardian, a citizen and resident of Texas, appointed by the proper court of Texas, can bring such suit against a corporation of another state in the United States courts, although the minor and his parents were residents and citizens of another state, and therefore could not bring such suit in said United States court, and although such minor could sue in the state courts in his own name by next friend. The court said:

"If in the state of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian ad litem or next friend. He is liable for costs in the event of failure to recover and for attorney's fees to those he employs to bring the suit, and in the event of success, the amount recovered must be held for disposal according to law, and if he does not pay the same over to the parties entitled, he would be liable therefor on his official bond." Mexican Central Ry. Co. v. Eckman, 187 U. S. 429, 434, 23 Sup. Ct. 211, 213 (47 L. Ed. 245).

See, also, Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927; Dodge v. Tulleys, 144 U. S. 451, 455, 12 Sup. Ct. 728, 36 L. Ed. 501.

[2] 2. The cause of action of Jesse L. Dowdell for pain and suffering and other damages up to the time of his death was not abated by such death but was expressly preserved by the Sixteenth section of said Compensation Act. Vernon's Complete Texas Statutes, art. 5246—35. This is evident by a comparison of the language of this section with the statute previously governing abatement by death of causes of action for injuries.

Prior to the Act of May 4, 1895 (Vernon's Complete Texas Statutes, art. 5686), the common-law rule seems to have prevailed in Texas, and actions for personal injuries were abated by the plaintiff's death. (Fitzgerald v. Western Union Telegraph Co., 15 Tex. Civ. App. 143, 40 S. W. 421; City of Marshall v. McAllister, 18 Tex. Civ. App. 159, 43 S. W. 1043). By said statute the Legislature provided that "causes of action * * * for personal injuries other than those resulting in death * * * shall not abate by reason of * * * death" of either party but shall survive, etc.

This act was construed as confining survivorship to causes of action, where deceased's death was not caused by the injury. Ellyson

v. I. & G. N. R. R. Co., 33 Tex. Civ. App. 1, 75 S. W. 868; Black v. Texas & Pacific Ry. Co. (Tex. Civ. App.) 161 S. W. 1077. In the light of these decisions it would seem that this section of the Workmen's Compensation Act had been passed to extend the preservation of causes of action for personal injuries sustained in course of employment, to those which resulted fatally. Its language is:

"In all cases of injuries resulting in death, where such injury was sustained in course of employment, cause of action shall survive." Act 1917, § 16; Vernon's Complete Texas Statutes, art. 5246—35.

Said section 16 of the act of 1917 does not refer to suits brought against the employer. The act gives no right of recovery against the employer who has taken out the insurance. Such right of action is taken away by section 3 of part 1 of said act. It would be inconsistent with every idea of insurance and subrogation. Mobile & Montgomery R. Co. v. Jurey, 111 U. S. 584, 594, 4 Sup. Ct. 566, 28 L. Ed. 527.

The language is intended to preserve causes of action arising from those accidents to which the insurance is applicable—i. e., injuries sustained in course of employment, for which third parties are liable—and to prevent such causes of action against third persons not insured, from abatement by death. The surviving cause of action could not properly be the right of the widow to sue for the value of the life of the deceased. Such cause of action never arose until the death of her husband. It is true it exists only by virtue of statute, and not at common law; that fact but emphasizes the statement that no cause of action existed in her prior to her husband's death, and there was no cause previously existing in her to be abated by such death.

The statute, in respect to this preservation of the cause of action of the deceased for injuries inflicted on him prior to and up to the date of his death, is very like the federal Employers' Liability Act (35 Stat. 65, c. 149; 36 Stat. 291, c. 143 (U. S. Comp. St. §§ 8657–8665). That act at first contained no provision providing that the employé's right of action should survive his death, and his death was held to abate it, leaving only the right of the dependent relatives to recover their pecuniary loss occasioned by his death. 35 Stat. 65, c. 149. The act, however, was amended, as follows:

"Sec. 9. That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury." 36 Stat. 291, c. 143 (U. S. Comp. St. § 8665).

Passing on this amendment, the United States Supreme Court holds:

"No change was made in section 1. Taylor v. Taylor, 232 U. S. 363, 370. It continues, as before, to provide for two distinct rights of action: One in the injured person for his personal loss and suffering where the injuries are not immediately fatal, and the other in his personal representative for the pecuniary loss sustained by designated relatives where the injuries immediately or ultimately result in death. Without abrogating or curtailing either right, the new section provides in exact words that the right given to the injured person 'shall survive' to his personal representative 'for the benefit

of' the same relatives in whose behalf the other right is given. Brought into the act by way of amendment, this provision expresses the deliberate will of Congress. Its terms are direct, evidently carefully chosen, and should be given effect accordingly. * * * And when this provision and section 1 are read together the conclusion is unavoidable that the personal representative is to recover on behalf of the designated beneficiaries, not only such damages as will compensate them for their own pecuniary loss, but also such damages as will be reasonably compensatory for the loss and suffering of the injured person while he lived. Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." St. Louis & Iron Mtn. Ry. v. Craft, 237 U. S. 648, 657, 658, 35 Sup. Ct. 704, 706 (59 L. Ed. 1160).

[3] 3. If Dowdell might have sued the telephone company, had there been no insurance this does not render the light company and paper mill any the less liable. If he had a cause of action against the telephone company for failure to furnish him a safe place in which to work, he and his widow certainly had a good cause of action against the light company and paper mill for causing the place to be unsafe. Their fault preceded, and caused the fault, if any, which may have existed on the part of the telephone company.

4. Whether the deceased, Dowdell, was guilty of any contributory negligence, was a question for the jury, and the issue was properly submitted to them by the court.

5. The cause was fairly submitted to the jury, under a charge which properly presented every issue. The charges requested, where not given, were either fully covered by the charge given, or were properly refused.

The evidence was sufficient to warrant the verdict of the jury, and the judgment of the District Court is affirmed.