**CASTLEBERRY et al. v. GULF, C. & S. F. RY. CO. et al. (No. 3097.)**

(Court of Civil Appeals of Texas. Texarkana. June 18, 1925.; Rehearing Denied June 25, 1925.)

1. **Abatement and revival ⊗══58(1)—Death ⊗══ 11—Heirs of person injured not entitled to sue at common law.**

At common law, damages that decedent might have recovered for injuries she suffered if she had not died, and damages suffered because of her death by her husband and children, could not be recovered by them.

2. **Abatement and revival ⊗══58(1)—Heirs held not entitled to sue under survival statute for damages decedent might have recovered for injury and for damages they suffered, where injury caused death.**

Heirs *held* not entitled to sue for damages decedent might have recovered for injury she suffered if she had not died, and for damages plaintiffs suffered because of her death, under Rev. St. art. 5686, providing that cause of action for personal injury not resulting in death shall survive, where plaintiffs alleged that injury did result in her death.

3. **Death ⊗══17, 18(1)—Plaintiffs held not entitled to recover for decedent's death, where injury did not cause death and plaintiffs did not suffer any pecuniary loss.**

Plaintiffs *held* not entitled to recover for death, under Rev. St. art. 4694, creating a cause of action in favor of certain persons for death, where jury found that injury to decedent from negligence of defendants did not cause or contribute to her death, and that plaintiffs did not suffer pecuniary loss from her death.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by Mrs. Ellen Castleberry and others against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

This suit was commenced in 1921 by Ellen Castleberry and her husband, John Castleberry, against the Pullman Company and the Gulf, Colorado & Santa Fé Railway Company. It was for damages for personal injury which (it was alleged) Mrs. Castleberry suffered while a passenger on a sleeping car belonging to the Pullman Company operated over said railway company's line of railway. The first trial of the case resulted in a judgment in favor of the Castleberrys, which was reversed on an appeal therefrom prosecuted by the companies. The nature of the case, as shown by the record then before the court, is fully stated in the opinion by Judge Levy disposing of that appeal, which may be found in 251 S. W. 518. Mrs. Castleberry died before the last trial was had, and the prosecution of the suit was continued by her husband and her children, who (it was alleged) were her only heirs. It was alleged, further, in the petition on which the last trial was had that the injury suffered by Mrs. Castleberry caused her death, and appellants sought a recovery against the companies of $10,000, which (they alleged) would have been the value of her services to them had she lived. Appellants also sought a recovery of $10,000 on account of physical pain and mental anguish suffered by Mrs. Castleberry during her lifetime (they charged) as a result of the injury, and a recovery of $200, which they alleged they paid for medicine for Mrs. Castleberry and to doctors for treating her. In response to special issues submitted to them the jury found that the Pullman Company was guilty of negligence in ways specified, which proximately caused injury to Mrs. Castleberry, and that she also was guilty of negligence in ways specified, which proximately caused or contributed to cause the injury. Thereupon the court rendered judgment denying appellants a recovery of anything, and in favor of the companies for costs.

B. Q. Evans, of Greenville, for appellants. McMahon & Dohoney, of Greenville, and Etheridge, McCormick & Bromberg, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] As we view the record, the judgment rendered by the trial court was the only one he could have rendered in the case. As shown in the statement above, appellants' suit was for damages Mrs. Castleberry might have recovered for injury she suffered if she had not died, and for damages appellants suffered (they alleged) because of her death. At common law a cause of action did not exist in appellants' favor for any of the damages they sought to recover. Ellyson v. Ry. Co., 33 Tex. Civ. App. 1, 75 S. W. 868; Gut-

tierrez v. Ry. Co., 102 Tex. 378, 117 S. W. 426. Hence appellants' right, if any they had, to recover against appellees, must be referred to a statute.

[2] It cannot be referred to the statute (article 5686) providing that cause of action upon which suit has been brought by the injured party for personal injuries other than those resulting in death shall not abate by reason of his death, but shall survive to the heirs and legal representatives of such injured party, for appellants not only did not allege in their petition that the injuries to Mrs. Castleberry did not result in her death, as they must to have stated a cause of action in their favor for damages for such injuries (Black v. Ry. Co. [Tex. Civ. App.] 161 S. W. 1077), but, on the contrary, they alleged that the injuries she suffered did result in her death. It is apparent, therefore, that a judgment in appellants' favor for such damages not only would not have been supported by their pleadings, but would have been contrary to same.

[3] Nor can appellants' right to a judgment in their favor be referred to the only other statute applicable, to wit, article 4694, which creates a cause of action in favor of the husband, wife, children, and parents of a person whose death is caused by the neglect or carelessness of the owner (or his servants or agents) of a railroad, steamboat, stagecoach, or other vehicle for the conveyance of passengers for actual damages they suffer because of such person's death, for the jury found that the injury to Mrs. Castleberry from negligence on the part of appellees did not cause or contribute to her death; and they found, further, that appellants did not suffer any pecuniary loss because of her death.

The judgment is affirmed.