## HUMBLE OIL & REFINING CO. v. OOLEY et al.
### No. 938.

Court of Civil Appeals of Texas. Eastland.
March 11, 1932.

See also (Tex. Civ. App.) 46 S. W. 1042, 1043.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellant.

Scarborough, Ely & King, of Abilene, for appellees.

HICKMAN, C. J.

At a former day of this term we released an opinion in this cause. Upon a reconsideration we have concluded that a different reason from that assigned in the original opinion should be given for overruling one of the assignments of error. We shall therefore withdraw that opinion and substitute this one therefor without changing the judgment heretofore entered.

This suit grew out of a collision on State Highway No. 1, between the cities of Abilene and Sweetwater, resulting in the death of Mrs. Mary Eliza Ooley, the wife of appellee D. C. Ooley, and the mother of the other appellees. No recovery was had by the children of Mrs. Ooley, all of whom were adults, but they were made payees in the appeal bond. Where the term "appellee" is used in this opinion, unless otherwise designated, it will refer to D. C. Ooley. Recovery was sought by appellee and his children on two causes of action: (1) For the pain and suffering which Mrs. Mary Eliza Ooley endured between the date of her injuries and the date of her death; and (2) for the alleged damages sustained by them in their own right under the "death statute" for the loss of the services of Mrs. Ooley, and for medical and funeral expenses. Only the second cause of action was submitted to the jury, and by its findings the damages assessed thereunder were all awarded to the appellee. Further statements regarding the case will be made in connection with our discussion of the issues presented by the briefs.

The question presented by point 1 relates to the construction of article 5525, Vernon's Annotated Civil Statutes, providing for the survival of causes of action for personal injuries. The contention is made that, when personal injuries result in death, only one cause of action can be maintained on account thereof, and that an election must be made as between a cause of action as beneficiaries under the "death statute" and one as heirs for the suffering of the deceased.

In the condition in which this record comes to us we do not believe that a construction of this article is necessary to our decision of this case, for the reason that no recovery was had thereunder. The charge

as submitted to the jury did not call for a finding of any damages sustained by the deceased on account of her pain and suffering between the accident and her death. The only issue of damages submitted was as follows: "Question No. 14: What damages or sum of money, if paid now, would compensate the plaintiffs for their alleged damages, if any, on account of the death of Mrs. Mary Eliza Ooley as you find from the evidence?"

Following this issue was the following instruction: "In estimating the damages; if any, you will consider only the pecuniary loss to plaintiffs, that is, such, if any, as plaintiffs may have had a reasonable expectation of receiving from the deceased, Mrs. Mary Eliza Ooley, had she lived, and you may take into consideration the cost of medical and hospital bills, if any, incurred that were reasonable and necessary, and the funeral expenses, if any, that were reasonable and necessary, but you will not take into consideration the grief of the plaintiffs, nor their mental pain and anguish, or the loss of the society of Mrs. Ooley."

No objection is presented to the quoted portion of the charge. Had appellant desired to have an affirmative exclusion of any other element of damages than those excluded by this instruction, request therefor should have been timely made. We think it clearly appears that this instruction submitted no element of damages on account of the suffering of the deceased after the injuries. Appellant contends that, in so far as damages were allowed for hospital and medical bills, they included elements recoverable only under article 5525. It is pointed out that the attending physician was unable to state what portion of his treatment was administered to prolong life and what portion to alleviate pain, and the position is assumed that, in so far as expenses were incurred in palliative treatment, they were not recoverable under the "death statute." It is the settled law of this state that reasonable medical expenses paid by the beneficiaries of the deceased are recoverable in an action in their own right for damages on account of their loss of the services of such deceased. Smith v. Farrington, 117 Tex. 459, 6 S.W.(2d) 736. We can perceive of no just or substantial reason for excluding from the allowance that portion of the expenses incurred to relieve pain. It therefore appears that no recovery whatever was had on account of the cause of action accruing to Mrs. Ooley for pain and suffering during the time she lived after the accident. If we are correct in this conclusion, a construction of amended article 5525 is not required. But, if that conclusion is incorrect, the article is before us for construction. The amendments of 1925 and 1927 effected an obvious change in this statute. Under it, prior to the amendments, causes of action other than those resulting in death did not abate by reason of the death of the injured party, but those for injuries resulting in death did abate. As amended, the phrase "other than those resulting in death" was changed to read "or injuries resulting in death." The effect wrought by the change seems clearly to be that injuries resulting in death are placed in the same class as injuries not resulting in death. Under the article as it existed before amendment, if one sustained personal injuries for which he was entitled to damages, but died from some other cause than the injuries, the cause of action for such injuries did not abate. International & G. N. Ry. Co. v. Ellyson, 43 Tex. Civ. App. 45, 94 S. W. 910; Black v. Texas & P. Ry. Co. (Tex. Civ. App.) 161 S. W. 1077. The amendment makes no distinction between injuries which resulted in death and those which did not so result. The necessary conclusion is that causes of action for personal injuries resulting in death do not abate by reason of the death of the injured person. Any other construction would make the amendments meaningless. The fact that a cause of action is elsewhere given to the beneficiaries of a deceased person for the pecuniary loss suffered by them does not operate to abate the cause of action which accrued to the deceased before death. The two causes of action are not inconsistent. Marcus v. Huguley (Tex. Civ. App.) 37 S.W. (2d) 1100. Our conclusions on the entire question presented by point one are: (1) Appellee had two causes of action and could have recovered on both in the same suit; but (2) since he did not recover on the cause of action for the pain and suffering of his wife during her lifetime, the point presents no reversible error, even though we are mistaken in our construction of the article.

The question presented by the second point relates to the ruling of the court in admitting certain testimony. The bill of exceptions forming the basis of this point discloses that appellee, as a witness in his own behalf, was permitted, over the timely objection of appellant, to testify to the facts and circumstances relating to the injuries and suffering of Mrs. Ooley. The objection to this testimony was predicated upon the provisions of article 3716, R. S. 1925, which prevents certain classes of persons therein named from testifying "as to any transaction with" a deceased person, unless called to testify thereto by the opposite party. In order for this article to be applicable the action must be by or against executors, administrators, guardians, heirs, or legal representatives of the deceased. Appellee was not suing in any of these capacities. The damages recoverable for personal injuries to either the husband or the wife belong to the community property. Ezell v. Dodson, 60 Tex. 331; Texas C. Ry. Co. v. Burnett, 61 Tex. 638; Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585. The

surviving husband, in prosecuting a claim for damages which accrued to the community during the lifetime of his deceased wife, is not suing as an heir, but in his own right. If such damages were her separate property, it would be otherwise. The objection to his testimony was therefore not well taken.

There are a number of questions presented as to the sufficiency of the evidence to support the findings of primary negligence and proximate cause and exonerating the appellee from contributory negligence. We shall not discuss these questions separately. They have each been carefully considered and the statement of facts carefully examined, and we are well convinced that each issue presented a fact question for the determination of the jury. Appellant's agent was driving east on the highway. To his truck was attached a trailer, the whole being about forty-six feet long. He had transported two tanks of gasoline on his truck and trailer from Breckenridge to Sweetwater and was returning with both tanks empty. He left Sweetwater early in the morning. When he reached the point where the accident occurred, he stopped momentarily to remove his coat. At the place where he stopped there was ample room for him to have driven his truck onto the shoulder and entirely off of the paved portion of the highway. He testified that he intended to do so and thought he had done so. But the evidence discloses that he failed to get entirely off, and that more than three feet of the left side of his trailer extended over on the paved portion. Appellee and his wife were traveling in the same direction. Appellee was driving, his wife was seated by him, and a guest, Mrs. Butler, was in the rear seat. When appellee discovered that the truck had stopped, he at first started to go around it, but discovered a car approaching from the opposite direction at a very high rate of speed. Thinking it safer to collide with the truck than with the on-coming car, appellee applied his brakes and turned to his right, but was unable to bring his car to a standstill before colliding with the rear of the trailer. There was a great deal of testimony, and much is said in appellant's brief about the question of the effect of the curves in the road on appellee's ability to observe the on-coming car. Photographs accompany the statement of facts, and we are called upon to hold, as a matter of law that appellee could have discovered this car in time to have brought his car to a stop and avoid the collision. Whether or not a person of ordinary prudence would have driven his truck off the pavement under all the facts and circumstances was purely a question for the jury's determination. The same is true with regard to the question of proximate cause. The fact that the driver of the on-coming car may have been exceeding the speed limit, and may

not have turned as far to the right as he should have done so as to have permitted appellee to pass around the trailer without striking his car, does not operate to prevent appellant's negligence from being a proximate cause of the injuries. Neither can we convict appellee of contributory negligence as a matter of law. A quick decision had to be made. He found himself in a situation not of his own making. He may not have been as alert as a younger man would have been, nor have applied his brakes as soon as we think he should have done, but the jury has said that, under all the facts and circumstances, he was not guilty of contributory negligence in any particular pleaded, and such findings are not manifestly wrong. He was not exceeding the speed limit. He was on the proper side of the highway, and the jury says he acted as an ordinarily prudent person would have done under the circumstances. We cannot disturb these findings, and all assignments challenging the sufficiency of the evidence to support them are overruled.

There was no issue submitted to the jury and no finding by the jury that the truck and trailer of the appellant were, at the time of the collision, being operated by the driver thereof within the scope of his employment and in the furtherance of the business of the appellant. It is accordingly urged that, because of this failure of the charge and corresponding deficiency in the verdict, such verdict was fundamentally insufficient to support or warrant a judgment for the appellee. In support of this contention appellant states in its brief that the driver of the truck, at the time and on the occasion in question, was engaged in the scope of his employment with the defendant; but it is contended that, on the authority of a recent decision by the Fort Worth Court of Civil Appeals in the case of Dixie Motor Coach Corp. v. Mrs. Bessie Swanson, 41 S.W.(2d) 436, a fundamental error is disclosed, because every fact issue, even though uncontroverted, must be submitted to a jury and a judgment cannot be rendered on a verdict omitting such finding. We have not seen the opinion relied upon, but this contention is overruled. The court can determine undisputed issues without submitting them to a jury. We have heretofore discussed this question sufficiently. See Livezey v. Putnam Supply Co. (Tex. Civ. App.) 30 S.W.(2d) 902 (error refused.)

Complaint is made that the judgment is excessive. The appellee was awarded judgment for $6,175. Under the undisputed evidence the reasonable expense for hospital, medicine, and funeral bills was a little more than $1,000, leaving the approximate amount of $5,000 as the pecuniary value of the services which the deceased would have rendered to appellee, her surviving husband. At the time of her death she was

seventy-one years of age and her husband seventy-three. They had been married fifty-four years and had reared a large family of children. The services for which damages were awarded were the ordinary household duties, such as cooking, housekeeping, washing, and ironing. Appellee testified on direct examination that these services were worth from $50 to $60 a month. On cross-examination he placed their value at $12 per week. A fair interpretation of the evidence, we think, places the value of these services at $50 per month. It was pleaded in appellee's petition that deceased's expectancy was eight years, and the proof corresponded to the allegation. The expectancy of appellee was not alleged or proved. We have not considered whether or not we would be permitted to take judicial knowledge of his expectancy, but we do know it was less than eight years, since he was two years older than his wife. In determining the value of her services to him, same must be calculated on the basis of the shorter expectancy. Assuming that she would have contributed to him in service $600 per year, and that his expectancy was seven years, and further assuming that she would have continued to be able to perform these services during his expectancy, notwithstanding her age, the total amount of her contribution would have been $4,200. The present worth of that amount of money is considerably less. It is a sordid duty which we perform in thus coldly calculating the damages sustained by a man in the loss of a companion, but it is a duty imposed upon us when our jurisdiction is invoked for that purpose, and our judgment must be based upon the record presented, guided by the adjudicated cases. We are referred to no case involving the death of a person over seventy. In the case of Wichita Falls, R. & F. W. Ry. Co. v. Crawford (Tex. Civ. App.) 19 S.W.(2d) 166, where the deceased was sixty-five years old, with uncertain ability to earn money, the recovery of his widow was reduced to $1,500.

Taking into consideration the ages of the respective parties and accounting for the inevitable decrease of activities brought about by the infirmities of age, we have concluded that this judgment is excessive by $2,000. Should the appellee, within ten days from the rendering of this opinion, file with this court a remittitur of $2,000, the judgment of the trial court will be affirmed. Otherwise, it will be reversed and remanded.

Affirmed on condition that remittitur be filed.

#### Supplemental Opinion.

The remittitur suggested having been filed, the judgment of the court below will be reformed, and, as reformed, will be affirmed.