## WESTERN STATES GROCERY CO. et al. v. SMITH et al.

### No. 1977.

Court of Civil Appeals of Texas. Waco.

Feb. 10, 1938.

Rehearing Denied March 17, 1938.

Nat Harris and Mabel Grey Howell, both of Waco, for appellants.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellees.

ALEXANDER, Justice.

This suit was brought by the surviving widow, children, and other dependents of Morgan L. Smith against Western States Grocery Company and R. E. (Bob) Boyd to recover damages for injuries resulting in the death of Smith as the result of a collision between an automobile driven by him and a truck owned by Western States Grocery Company and driven by Boyd. The administratrix of Smith's estate joined in the suit and sought recovery of damages for the conscious suffering endured by Smith as the result of the injuries sustained by him. The jury awarded the widow, children, and other dependents a total recovery of $8,375 for injuries resulting in his death and $450 for damage to his automobile, and to the administratrix a recovery of $500. The defendants appealed.

The collision which resulted in Smith's death occurred on a public highway. The parties made the usual allegations of negligence and contributory negligence. The jury acquitted Smith of all acts of contributory negligence and found that the driver of the truck turned the truck to the left of the center of the highway in the direction in which he was then traveling just before the collision in question, and that he did not have the truck under proper control. The driver of the truck testified, on cross-examination, that just prior to the collision, his truck veered too far to the right so that his right wheels went off the main highway on to soft gravel; that he pulled hard on the steering wheel to get the truck back on to the highway, and, in doing so, he pulled it too hard, causing it to run across the center of the highway at the time of the collision. There were other circumstances to corroborate his testimony. This evidence was sufficient to support the jury's finding that Boyd negligently turned his truck to the left of the center of the highway in the direction in which he was then traveling just before the collision in question, and that he failed to have the truck under proper control, and that each of said acts constituted negligence proximately causing the collision.

 The trial court did not err in allowing the plaintiffs to join in one action the suit· by the widow and other dependents for the injuries resulting in the death of Smith and the action by the administratrix of his estate to recover for the conscious suffering endured by him as the result of his injuries. The two causes of action grew out of the same transaction and practically all of the evidence applicable to one of the actions was applicable to the other. There was no likelihood of confusing the jury by pleading and proving the two causes of action in one suit. By so doing, a multiplicity of suits was avoided and the time of the court conserved. 1 Tex.Jur. 637, 646; 33 Tex.Jur. 16, 142; Spears Dairy v. Bohrer, Tex.Civ.App., 54 S.W.2d 872; Marcus v. Huguley, Tex.Civ.App., 37 S.W. 2d 1100; Humble Oil & Ref. Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038; Atchison, T. & S. F. Ry. Co. v. Hix, Tex.Civ. App., 291 S.W. 281.

 In our opinion, the award of a total of $8,375 to the widow and other dependents for the injuries resulting in the death of Smith is not excessive. It is true, he was 66 years of age at the time of his death, and this, on its face, might indicate that the award was rather high. However, the evidence showed that, according to the mortality tables, he had a life expectancy of approximately 10 years. Prior to the depression he worked on a commission and earned from $800 to $1,000· per month. From 1929 to 1934 he worked on a salary, varying from $400 to $500 per month. After 1934, and up to the time of his death in 1936, he worked on a salary of $50 per week, out of which he was required to pay his own expenses and maintain his automobile. While his earning capacity was not so good at the time of his death, in view of his previous history, it was not at all improbable that he might have earned a great deal more in future years if he had lived and general financial conditions had returned to normal. We overrule this assignment.

 Appellant complains of misconduct of the jury. The foreman of the jury testified that, during the deliberations, one juror stated that an insurance company would probably have to pay the damages assessed by the jury, but that no other juror heard this statement. The juror charged with having made the statement denied having made same, and there was no other substantial evidence to corroborate the foreman. This evidence merely raised an issue of fact for the trial court as to whether the statement was in fact made, and since the trial court overruled motion for new trial, we must presume the court found that no such statement was made. While the jury was discussing the amount to be awarded for the conscious suffering endured by Smith as a result of his injuries, one juror stated that a brother of his had previously suffered a severe injury and that he had afterwards said that he would not go through such suffering again for $500 a day. There was evidence that the foreman immediately admonished the juror not to discuss the matter further and instructed the jury that they should not consider same. The juror who made the statement then stated that he did not make it for the purpose of influencing the jury. In view of the prompt admonition by the foreman and the smallness of the verdict for conscious suffering, $500, we do not think the record presents reversible error in this respect.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.