St. Louis Southwestern Railway Company of Texas v.
John T. Knight.

Decided February 1, 1899.

**1. Railway—Negligence—Fire—Grass on Right of Way.**

In a suit against a railway for damage by fire, a requested charge relieving defendant from liability by reason of the igniting of grass, etc., on its right of way if it had used reasonable care to prevent such accumulation, should have been given.

**2. Escape of Fire—Degree of Care—Charge.**

Giving a charge describing the care required in language contained in a charge requested by the party complaining is not ground for reversal.

**3. Same.**

Ordinary care, and not "all reasonable care and caution," is the test of defendant's liability for escape of, fire from locomotives.

Appeal from the County Court of Hunt. Tried below before Hon. W. H. Ragsdale.

*Sam H. West* and *Perkins, Gilbert & Perkins,* for appellant.

KEY, Associate Justice.—This is a grass-burning suit. The verdict and judgment were for the plaintiff, and the railroad company has appealed. The trial court refused to give the following special instruction, requested by appellant: "If the jury find from the evidence that plaintiff's grass was destroyed by fire, caused by sparks escaping from an engine being used on its line of railway setting fire to grass, weeds, or other combustible matter on its right of way, and if they further find that the defendant had used reasonable care and diligence to prevent the accumulation of and to remove, such grass, weeds, or other combustible matter; that is, such care and diligence as a reasonably prudent person would have exercised under all the circumstances, then the jury should find for the defendant."

This charge is correct in principle, and if given, would have submitted to the jury the specific question of negligence vel non in permitting combustible matter to accumulate on appellant's right of way. The charge given by the court did not, in terms and specifically, submit this issue to the jury, but merely submitted the issue of the defendant's negligence in operating its engine. The special charge should have been given, and for the error committed in its refusal, the judgment must be reversed.

In instructing the jury in reference to the degree of care imposed by law upon the railway company, to prevent the escape of fire from its loco-

motive engine, the court used the expression, "all reasonable care and caution," and the appellant complains of this as imposing upon it a greater burden than is imposed by law. The charge referred to appears to have been copied from a special charge asked by appellant; and therefore it was not reversible error to give it. The appellant can not complain that the court has charged the jury in the very language requested by it. In view of another trial, however, it is proper to say that the true test of appellant's liability is that of ordinary negligence, which is usually defined as a failure to exercise such care and caution as an ordinarily prudent person would have exercised under the same or similar circumstances, and upon another trial the court should so charge the jury. Judgment reversed and cause remanded.

*Reversed and remanded.*