International & Great Northern Railway Company v.
James Pevey et al.

Decided November 20, 1902.

Carrier of Passengers—Keeping Depot Open and Warmed—Injuries from Exposure.

The statute requiring carriers to keep their depots lighted, warm, and open to all passengers for not less than one hour before the arrival and after the departure of passenger trains did not require a station agent to permit a passenger to leave his wife and children in the depot waiting room from 1 o'clock a. m. until he could go four and a half miles into the country and obtain a conveyance, and the carrier was therefore not liable for injuries sustained from exposure of the passenger and his family while walking that distance; and the fact that the passenger was without sufficient means to go to a hotel or hire a conveyance did not enlarge the duty and liability of the carrier. Rev. Stats., art. 4521.

Appeal from the District Court of Rusk County. Tried below before Hon. Richard B. Levy.

*N. A. Stedman* and *Gould & Morris,* for appellant.

*John R. Arnold* and *W. C. Buford,* for appellees.

GARRETT, Chief Justice.—This action was brought by James Pevey, joined by his wife, against the International & Great Northern Railroad Company to recover damages which were alleged to have resulted from the refusal by defendant to allow Mrs. Pevey and their five children to wait in its depot at Henderson on the night of December 25, 1896, after the arrival of one of its trains upon which the plaintiffs and their children were passengers. Henderson is a town of about 2500 inhabitants with hotels, boarding houses, and livery stables. The railroad depot is about half a mile from the town. Plaintiffs had taken passage on the train in order to visit relatives in the country a few miles out from town. They arrived at the station at Henderson at 1 o'clock a. m. December 26th, and expected some one to meet them with a conveyance, but no one met them. Plaintiff asked permission of the station agent for his wife and children to remain in the depot until he could go to the home of his nearest relative, which was four and a half miles distant, and get a conveyance; but plaintiff testified that the door of the waiting room was locked, though this was denied by the agent, and the agent refused to let them in. Plaintiff and his wife and children then walked to the country. Plaintiff testified that his wife and children were made sick from fatigue and exposure to the cold weather; that the ground was frozen and it was very cold; and that he had only one dollar and a half in money, which fact he told the agent. The trial judge submitted the case to the jury with the instruction that they could not find any damages resulting from the walk into the country, but could consider damages for the failure of the defendant to allow

them to remain at the depot a reasonable time and exposure in walking to town. The trial resulted in a verdict and judgment in favor of the plaintiffs for the sum of $250.

By article 4521 of the Revised Statutes the defendant was required to keep its depot "lighted and warmed and open to the ingress and egress of all passengers who are entitled to go therein, for a time not less than one hour before the arrival and after the departure of all trains carrying passengers." A penalty is imposed for a failure to comply with the statute. The statute also provides that the company "shall be liable to the party injured for all damages by reason of such failure." Irrespective of the statute it was the defendant's duty to provide a suitable station to accommodate its passengers departing and arriving, and the purpose of the statute was to fix a time that the stations should be warm, lighted, and kept open. In this case the plaintiffs were entitled to enter the depot for the purpose of preparing for their departure and temporarily waiting for a conveyance. But it was shown by the evidence that no conveyance was at the station to meet the plaintiffs and their children, and their right to recover damages is resolved into the question of whether the defendant was required to keep its station lighted and warmed for the use of the plaintiffs until the husband should walk four and a half miles or more into the country and get a conveyance to take them away. The defendant was not required to perform any such duty. Under the facts of the case it is not necessary to determine whether the defendant would have been required to have kept the waiting room open for longer than one hour, for it would have taken several hours for the husband to have gone and got the conveyance and returned, especially so since it was shown by the evidence that no one was at home at the house of the relative to which he intended to go, and that he would have had to go further before he could have secured a conveyance. No damage was shown that could have resulted from the failure of the defendant to keep the station open for an hour after the train arrived. The weather was cold, but it did not appear to be raining or that it would have been any less cold at the end of the hour. When the plaintiffs found that the defendant's agent would not give them permission to remain in the waiting room until morning and until the conveyance could be procured from the country, they did not ask to stay in the room for any less time, but voluntarily left and walked out to the home of their relative. The fact that the plaintiffs were without sufficient money to go to a hotel or boarding house or hire a conveyance did not require of the defendant to keep its waiting room open, lighted, and warmed for them as passengers arriving on its train for a longer time than its duty as a public carrier would have required of it. Defendant's duty as a public carrier must not be confounded with any want of hospitality or common charity on the part of the agent or the conductor, if the jury should have believed there was any such want, or the fact that the agent

could have allowed them to remain. Upon the facts of the case, even if there had been a breach of duty on defendant's part in not keeping the room open for plaintiffs an hour, no damage was shown to have resulted from the failure of the defendant's agent to allow them to remain in the waiting room for that length of time after the arrival of the train or for even a reasonable time afterwards; in fact no request was made to be allowed to remain for a less time than until morning or until the husband could walk several miles in the country for a conveyance. No damage having been shown as resulting from any breach of duty on the part of defendant there can be no recovery. It is unnecessary to consider the assignments of error attacking the charge of the court or to pass upon appellees' cross-assignments. The judgment of the court below will be reversed, and judgment here rendered in favor of appellant.

*Reversed and rendered.*