FIRMIN BACA v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

Decided April 8, 1903.

**1.—Contributory Negligence—Proximate Cause—Charge.**

    A charge that if the jury believed "that the plaintiff was guilty of negligence under the circumstances that contributed to his injury," they should find for the defendant, was not erroneous as conveying the idea that such negligence, to preclude recovery, must have been the proximate cause of, or have proximately contributed to the injury.

**2.—Same—Invited Error.**

Plaintiff could not complain that the charge failed to specify that such negligence must have proximately contributed to the injury where the charge on that subject requested by himself, and given by the court with only slight qualification, treated the issue of contributory negligence in general terms, instructing a finding for defendant if plaintiff was guilty of contributory negligence.

Appeal from the District Court of Bexar.    Tried below before Hon. S. J. Brooks.

*Nat B. Jones, Sam'l Belden, Jr.,* and *M. W. Davis,* for appellant.

*Houston Bros.* and *R. J. Boyle,* for appellee.

JAMES, CHIEF JUSTICE.—The errors assigned affect only the charge of the court on the question of contributory negligence.

We conclude as matter of fact that the manner in which the testimony shows plaintiff's injury occurred, his acts, if they or any of them contributed to his injury, necessarily proximately contributed thereto.   This being the case, the following charge on contributory negligence:  "Or if you believe from the evidence that the plaintiff was guilty of negligence under the circumstances, that contributed to his injury, if any, you will find for defendant," was not erroneous for the reason assigned, viz., that such negligence, to preclude recovery, must have been the proximate cause, or have proximately contributed to the injury, and that the charge ignored and excluded this idea.   Railway Co. v. Rowland, 90 Texas, 365; Railway Co. v. Culpepper, 90 Texas, 627; Railway Co. v. McCoy, 90 Texas, 264.

In addition to this, plaintiff's counsel prepared the charge which the court gave in toto, except that the court added to a paragraph, covering the defense of assumed risk, the clause above quoted, to which appellant's complaint is directed.   The charge as prepared and tendered by plaintiff and as given treated the issue of contributory negligence in general terms; in other words it instructed the jury to find for defendant if plaintiff, under the evidence, was guilty of contributory negligence.   The addition made by the court to the charge in another place said practically the same thing, using the expression "negligence that contributed to his injury," instead of "contributory negligence."   We can not escape the conclusion that the submission of the issue in this form, and in no other, was induced or contributed to by the requests of plaintiffs.

*Affirmed.*

Writ of error refused.