# DRAPER v. EVANSVILLE & TERRE HAUTE RAILROAD COMPANY.

[No. 20,634.   Filed June 8, 1905.]

1. PLEADING.—*Complaint.*—*Statutes.*—*Railroads.*—*Keeping Stations Open.*—*Exposure.*—A complaint for damages, on account of exposure caused by defendant railroad company's failing to open its station as provided by statute (§5188 Burns 1901, Acts 1895, p. 99), prescribing that all railroad companies shall keep open their stations for "one hour next preceding the arrival of all passenger-trains that are allowed by schedule or flagging to stop at all stations," is bad, where such complaint merely alleges that the train, which plaintiff desired to take, "was due to arrive at and stop for the taking on of passengers at said town of Carlisle at about 3:05 o'clock a. m." p. 119.

2. RAILROADS. — *Stations.* — *Duty to Keep Open.* — *Injuries.* —
*Proximate Cause.*—*Question for Jury.*—Where a railroad com-
pany maintains a passenger station, it thereby invites passen-
gers to take passage at such place, and if it fails to open such
station for a reasonable time prior to the arrival of trains and
a prospective passenger is thereby injured from exposure, such
company is liable therefor, the proximate cause of the injury
being for the jury. p. 119.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by Leone Draper against the Evansville & Terre
Haute Railroad Company. From a judgment for defend-
ant, plaintiff appeals. Transferred from Appellate Court
under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Walter F. Wood,* for appellant.
*Iglehart & Taylor* and *Hays & Hays,* for appellee.

GILLETT, J.—Action by appellant in two paragraphs to
recover damages sustained by being compelled to wait out
of doors, in inclement weather, for a train, by reason of the
fact that appellee's passenger station was closed. A de-
murrer was sustained to each paragraph of the complaint,
and from the judgment which followed, this appeal is prose-
cuted. .

It seems to be agreed between the parties that the first
paragraph seeks to allege facts showing the violation ,of a
duty under §5188 Burns 1901, Acts 1895, p. 99, while the
second paragraph is founded on the theory that there was
a violation of a common-law duty. Section 5188, *supra,*
provides: "That all railroad companies operating lines
through cities and towns of one hundred population or
more shall provide and maintain suitable waiting-rooms,
*   *   *   for the convenience of the traveling public, and
shall keep such rooms open for the period of not less than
one hour next preceding the arrival of all passenger-trains
that are allowed by schedule or flagging to stop at all sta-
tions." The allegation of the first paragraph concerning
the train for which appellant was waiting is "that it was

due to arrive and stop for the taking on of passengers at said town of Carlisle at about 3 :05 o'clock a. m."

It is a well-settled rule that a pleader who founds his action on a statute must allege facts which bring him within the enactment. *American Rolling Mill Co.* v. *Hul-*

1. *linger* (1904), 161 Ind. 673, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, and cases cited. A train may be due to arrive and stop at a station for the taking on of passengers, and yet not be scheduled to stop there, as where it is due to arrive and stop to take on passengers for that occasion only. The term "schedule" implies something written, and when used with reference to a train implies that its operation is governed by a rule rather than a particular direction or agreement. It is our opinion that the first paragraph of the complaint did not disclose a violation of said statute.

The second paragraph counts on a special agreement between the parties that the company would stop the train at the town of Carlisle on the night in question.

2. Appellee's counsel contend that there is no common-law duty upon the part of a railroad company to provide waiting-rooms for persons waiting to take trains, and that therefore a complaint which only discloses an agreement to stop does not disclose a breach of duty in respect to providing a waiting-room for the passenger with whom the agreement was made.

Distinguishing the case of *People* v. *New York, etc., R. Co.* (1887), 104 N. Y. 58, 9 N. E. 856, 58 Am. Rep. 484, upon which counsel for appellee in this case largely rely, it was said by the Alabama supreme court, in *Alabama, etc., R. Co.* v. *Arnold* (1887), 84 Ala. 159, 4 South. 359, 5 Am. St. 354: "Although there may have been no law requiring the railroad to erect an office and platform at Boligee, yet, having done so, and having thereby invited persons having

business with it to enter for its transaction, the law required that they should be adapted to the purpose, and not dangerous, hazardous or unsafe."

It was said by Judge Dillon, speaking for the court, in *McDonald* v. *Chicago, etc., R. Co.* (1868), 26 Iowa 124, 138, 96 Am. Dec. 114: "I have no hesitation in saying, that, without any statute enacting it, there is a common-law duty on these companies to provide reasonable accommodations at stations for the passengers who are invited and expected to travel on their roads."

The duty of railroad companies to keep their waiting-rooms and approaches lighted for a reasonable time in the night-time, for the benefit of persons waiting to take passage upon their trains, was recognized by this court in *Louisville, etc., R. Co.* v. *Treadway* (1896), 143 Ind. 689, and, as declared in *Texas, etc., R. Co.* v. *Cornelius* (1895), 10 Tex. Civ. App. 125, 30 S. W. 720: "The principle which requires that lights should be sufficiently provided to avoid the consequences of darkness, requires that heat should be reasonably provided for the purpose of avoiding the effects of cold." There can be no doubt that the right of a passenger to shelter from inclement weather has its origin in the same general duty from which springs the company's obligation to keep its waiting-rooms and the approaches thereto in proper condition. The duty being recognized, the right of a person who has sustained damages from exposure follows to have the question determined as to whether his injury was proximately due to a negligent omission on the part of the company. As said in *Boothby* v. *Grand Trunk Railway* (1890), 66 N. H. 342, 34 Atl. 157: "Whether injury by exposure to the weather of a passenger awaiting in the open air the arrival of a delayed train, was or was not a result which might naturally and reasonably be expected from the failure of the defendants to open and warm their station at an inclement season of the year, or, in other words, whether the defendant's negligence was the proxi-

mate cause of the plaintiff's injury, was a question to be determined by the jury." The objection of appellee's counsel to the second paragraph of complaint is not well taken, and, as we have concluded, although not without some hesitation, that, in view of matters of necessary inference from the facts well pleaded, the paragraph states a cause of action, we hold it sufficient.

The judgment is reversed, with a direction to overrule the demurrer to the second paragraph of complaint.