W. E. SWEANY, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 25, 1912.**

1. **RAILROADS: Passengers: Waiting Room: Light: Reasonable Time.** A station building for a railway is not a lounging or loafing place for persons, even though they may expect to become passengers. It is for the comfort of passengers who come to it a reasonable time before the arrival of trains. And it is not required to be open at night, lighted and heated, longer than for passengers to get to it and make ready with themselves and baggage for the incoming train.

2. ———: ———: ———: **Negligence: Duty.** There is no negligence where there is no duty owing, and a duty to the public generally may not be a duty to an individual who is not in a position to complain of a failure to perform the duty.

3. ———: ———: ———: ———: ———: ———: ———.
A man well acquainted with a small railway station in a village, and well knowing that the station was not kept open, lighted or heated at night, desiring to take a train due at 1:40 a. m., went to the station two hours before that time, and seeing a box freight car standing on the other side of the platform, occupied by a man with a lantern, he and three companions went into it to wait for the train. When the train came in, he fell between the car and platform in attempting to step on the platform, and was injured. *Held*, that he went into the car voluntarily without fault of the railway and that it did not owe him the duty to light his way from it in his attempt to reach the train.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

REVERSED.

*Lee W. Hagerman* and *A. M. Hough* for appellant.

(1) There was no duty imposed by law on defendant, under the circumstances of this case, to keep its station open before the arrival of the train which

plaintiff was going to take. Railroad v. Commonwealth, 102 Ky. 300; Sandifer's Admr. v. Railroad (cited below). (2) The plaintiff was not obliged to take shelter in the box car. (3) The defendant's failure to keep the station open and its platform lighted was not the proximate cause of the plaintiff's injury. Rozwadesfskie v. Railroad, 20 S. W. (Tex.) 872; Tel. Co. v. Partlow, 71 S. W. (Tex.) 584; Cole v. S. & L. Co., 124 Fed. 113 (Eighth Circuit, 1903); Hudson v. Railroad, 101 Mo. 13; Railway v. Smith, 133 S. W. (Tex.) 965; Prokop v. Railroad, 79 S. W. (Tex.) 101. Where the determining factor in the happening of the injury is the act of the plaintiff himself, any acts on defendant's part, antecedent to the event, are not the proximate cause. King v. Railroad, 211 Mo. 1; Hudson v. Railroad, supra. (4) Defendant owed plaintiff no duty, under the circumstances of this case, to have its platform lighted at the place where plaintiff was injured, and there was consequently no negligence on defendant's part in failing to have its platform lighted at such places. Gunderman v. Railroad, 58 Mo. App. 371; Railroad v. Grubbs, 67 S. W. (Tex.) 519; Simonton v. Railroad, 67 S. W. (Tex.) 530; Davis v. Railroad, 68 S. W. 733; Railroad v. Turner, 126 S. W. (Ky.) 372; Railroad v. Godfrey, 47 So. (Ala.), 185; DuBose v. Railroad, 62 S. E. (So. Car.) 255. Where plaintiff is in defendant's cars in its freight yards, where he has no right to be, uninvited by the defendant and unauthorized, there is no responsibility if he is injured by reason of his presence in such place. And this principle is extended even to a stock shipper who undertook to spend the night in a stock car in railroad yards. Fusselman v. Railroad, 139 Mo. App. 198. And to persons climbing over cars. Hudson v. Railroad, 101 Mo. 13, 123 Mo. 445. And to those riding in baggage or freight cars who have no right to do so. Gabriel v. Railroad, 135 Mo. App. 222. (5)

The undisputed evidence discloses that the plaintiff was guilty of contributory negligence as a matter of law.

*W. C. Irwin* and *D. F. Calfee* for respondent.

(1)  It was the common law duty of defendant to provide reasonable accommodations at the station where plaintiff was waiting to take one of its passenger trains, to keep its depot open, lighted and heated for a reasonable length of time before the arrival of such train and to have its station platform lighted. McDonald v. Railroad, 26 Iowa, 124, 96 Am. Dec. 114; Railroad v. Cornelius, 10 Tex. Civ. App. 125; Railroad v. Doolan, 56 Tex. Civ. App. 503, 120 S. W. Rep. 1118; Draper v. Railroad, 165 Ind. 117; Sargent v. Railroad, 114 Mo. 348; Waller v. Railroad, 50 Mo. App. 410; Gerhart v. Railroad, 110 Mo. App. 105.

ELLISON, J.—Plaintiff was injured by stepping or falling between one of defendant's freight box cars and its depot platform, while attempting to pass from the car to the platform at a little village called Tebbetts, after night.  The negligence charged is not having the station building lighted, heated and open, and not having the platform lighted.  Defendant's demurrer to the evidence was overruled and the verdict and judgment were for plaintiff.

Plaintiff went on a train from Jefferson City to Tebbetts.  He was acquainted with Reifsteck, who lived in the village, about 300 feet from the depot, and he and a man named Davis engaged a conveyance from Reifsteck's boys and, taking two of them along, the four started into the country.  It was in March and while the roads were quite muddy, yet some of the witnesses thought it was freezing a little; at any rate the weather was stated to be "cool and damp."  While on the trip there was a mist or possibly little flurries

of snow. A quart of whisky was taken along by Davis and the party partook of this. The night was dark and they had several mishaps, in one of which the double-trees were broken and the vehicle turned on its side against a bank. Notwithstanding this condition of things, they escaped injury and got safely back to Tebbetts between eleven and twelve o'clock p. m. Plaintiff and Davis intended to leave that night on a train passing there at 1:40 a. m. They, still in company with the Reifsteck boys and presumably after putting away the team, went at 11:40 to the depot to wait for the train. The platform was not lighted and the depot building was dark. It was still "cool," though there was no rain or snow falling. A hotel, which appears not to have been kept open after bed time, was near-by. They, however, noticed a box freight car by the side of the platform on one side of the depot building. The car was occupied by a man who had some articles of property he was shipping. The man had a lantern. So, though uninvited, they, including the Reifsteck boys, stepped into the car, there to wait for the train. After a time plaintiff half reclined on some straw in a corner of the car. At 1:40 the whistle of the incoming train was heard. Plaintiff testified that though "drowsy" he was not asleep, and got up and proceeded to leave the car. Others said he was asleep and was awakened. The bottom of the car and the depot platform were flush,—that is, on a level,—and about fifteen inches space between; yet plaintiff, in attempting to step onto the platform, missed and went in between, striking and breaking some of his ribs. He was well acquainted with the village, the depot, its surroundings, and knew it was not kept open and that lights were not kept through the night.

Defendant's demurrer to the evidence should have been sustained. Defendant, ordinarily, was not lia-

ble to plaintiff in his approach to its station platform
by way of or through a freight car standing at the
station on one of its side tracks. It can be seen that
plaintiff realized that this suggestion would stand in
his way and he has sought to avoid it by attempting
to show that defendant's negligence in failing to have
its station building open and lighted forced him into
the car to protect himself from the weather, and there-
by connected itself with his injury. There can be no
negligence without a neglected duty and the duty must
have been owing to the complaining party. It is there-
fore important to know when defendant's duty to
plaintiff began, if at all. A depot building is not main-
tained as a rooming house or lounging place. It is
intended as a waiting room for passengers for the
reasonable time which should be allowed passengers
for coming to it and making ready to depart on an in-
coming train, or to wait for delayed trains. [Archer
v. Ry. Co., 110 Mo. App. 349; Phillips v. Southern
Ry. Co., 124 N. C. 123; Illinois Cent. Ry. Co. v. Laloge,
24 Ky. Law, 693.]

Our statute (Sec. 3094, R. S. 1909) specifically re-
quires that stations at crossings with other roads
shall be kept lighted and heated a reasonable time be-
fore departure of trains. The first part of the section
requires that railway carriers "shall furnish sufficient
accommodations for the transportation of all passen-
gers . . . as shall, within a reasonable time pre-
vious thereto, be offered for transportation," etc.
Whether this provision refers to waiting rooms, we
need not enquire, since it is manifestly the duty of the
carrier, aside from a statute, to keep its stations open,
lighted and heated such reasonable length of time be-
fore the arrival of trains, as we have above indicated.
[Sargent v. Ry. Co., 114 Mo. l. c. 355; Draper v. Rail-
road, 165 Ind. 117, 120.] In some states a penalty is
provided if they are not opened and lighted one half

hour before the arrival. [Illinois Cent. Ry. Co. v. Laloge, supra.] The greatest time we have noted in any statute was in that of Texas, where one hour is named. [International & G. N. Railroad v. Pevey, 30 Tex. Civ. App. 460.]

Plaintiff, though knowing there was no light or heat at the station at night, went to it two full hours before the train was due. He got into the freight car from his free choice and not from necessity. He had the Riefsteck boys with him and if he did not wish to arouse the hotel man, he could have remained in the nearby barn where the horses had been put away, until a few moments of train time. [Sandifer's Admr. v. Ry. Co., 28 Ky. Law, 464.] Besides knowing the depot was not lighted when he went into the freight car, he knew it would not be when he would come out, for he stated he had taken a train there at other times.

So, conceding that it was defendant's general duty to have had its depot building open and lighted a reasonable time before the train was due, plaintiff is in no position to complain. His injury did not result from lack of light in his approaching the station in the regular and proper way. It came from his having voluntarily placed himself in what turned out to be a hazardous place. He went into that place without defendant's invitation or fault, and he got out at his own risk.

The judgment is reversed. All concur.