## GULF, C. & S. F. RY. CO. v. WILLIAMS et al. (No. 9683.) *

(Court of Civil Appeals of Texas. Dallas. Jan. 15, 1927. Rehearing Denied Feb. 12, 1927.)

1. Carriers �kö=286(8)—Railroad is required to exercise reasonable care to keep waiting room, as warm as weather necessitates.

In action against railroad to recover damages for failure to keep depot waiting room warm, where plaintiff passengers occupied waiting room for several hours between trains, such waiting room being kept open at all times for travelers, there was duty on defendant, apart from Rev. St. 1925, art. 6395, to exercise reasonable care to provide such warmth for their comfort as demanded by weather.

2. Appeal and error ⊃215(1)—Objections to court's charge cannot be made for first time on appeal (Rev. St. 1925, art. 2185).

Where objections to charge given to jury were not made in trial court, they are waived and cannot be presented for first time on appeal, in view of Rev. St. 1925, art. 2185.

3. Appeal and error ⊃882(12)—Appellant cannot object that court charged jury in language almost identical with that requested by it.

Objections to charge given to jury cannot be urged by appellant, where language objected to is almost identical with that in its requested charges.

4. Carriers ⊃348(14)—Separate charge as to husband's contributory negligence held not warranted in action against railroad for failure to heat waiting room.

In action against railroad to recover damages for failure to keep depot waiting room warm, where plaintiff passengers occupied waiting room for several hours between trains, court having charged generally as to contributory negligence of plaintiff wife, evidence held not to warrant separate charge as to contributory negligence of husband.

5. Appeal and error ⊃1068(5)—Refusal to charge separately on husband's contributory negligence held harmless error; verdict for plaintiffs being finding against contributory negligence of either spouse.

In action against railroad to recover damages for failure to keep depot waiting room warm while plaintiffs, husband and wife, were occupying it between trains as passengers, refusal of trial court to give separate charge as to contributory negligence of husband held harmless error; contributory negligence of wife having been properly submitted and verdict for plaintiffs being in effect finding of no contributory negligence by either plaintiff.

6. Carriers ⊃344—Burden of proving contributory negligence was properly placed on railroad failing to heat waiting room, petition and evidence not establishing prima facie plaintiffs' negligence as matter of law.

In action against railroad for damages for failure to keep depot waiting room warm, neither allegations in petition nor evidence having established prima facie case of negligence as matter of law against plaintiffs, burden of proving contributory negligence was properly placed upon defendant.

7. Trial ⊃260(1)—Denial of special charge embraced in court's general charge was not error.

Special charge was properly refused by trial court, where it was embraced in general charge given.

8. Trial ⊃253(4)—Special charge was properly refused where it ignored common-law liability of railroad.

Special charge was properly refused where it ignored theory of defendant railroad's liability based on violation of its common-law duty to keep depot waiting room warm for passengers waiting for trains.

9. Trial ⊃81—Weight of evidence cannot be objected to.

Objection to weight of evidence rather than to its admissibility is not good.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by Dora B. Williams and husband against the Gulf, Colorado & Santa Fé Railway Company and another. From a judgment for plaintiffs, defendant Railway Company appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and McMahan & Dohoney, of Greenville, for appellant.

Marvin P. McCoy, of Dallas, and James & Evans, of Greenville, for appellees.

LOONEY, J. Appellees, plaintiffs below, filed suit in the district court of Hunt coun-

---

ty against appellant and C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. The case was dismissed as to Schaff, hence no further mention will be made of that branch of the case. Plaintiffs reached Celeste, a junction point between appellant and the Missouri, Kansas & Texas Railway Company, arriving about 4:12 p. m., intending to take a train on appellant's line scheduled to arrive at 9:30 p. m.

On reaching Celeste plaintiffs entered the waiting room of the depot, where they remained until the arrival of the 9:30 train, which they boarded, and proceeded to their home at Pecan Gap.

Plaintiffs sued to recover damages for alleged injuries suffered by Mrs. Williams on account of the negligent failure of appellant to keep the waiting room of the depot warm during the time she occupied the same.

This case was before the court on a former appeal, and will be found reported in 251 S. W. 553, and in 268 S. W. at page 149. The trial was to a jury, and submitted on a general charge, resulting in a verdict in favor of plaintiffs for $700, upon which the judgment appealed from was rendered.

The case went to the jury on two theories, one that authorized a verdict for plaintiffs under the provisions of article 6395 (6591) (4521) (4238), Rev. St. 1925, but appellant does not question the correctness of the submission of this theory. The court, however, submitted the additional issue that authorized a verdict for plaintiffs "if appellant kept its waiting room open for the accommodation of the public during the time plaintiffs occupied it prior to one hour before the arrival of the train for which they were waiting, and negligently failed to warm the room, with the result that Mrs. Williams was chilled, made sick, and injured."

Appellant in the trial court questioned the correctness of the submission of the latter theory by special exceptions urged to plaintiffs' pleadings by objection urged to the charge of the court and by a special charge requested, in which the sufficiency of the pleadings and the evidence was challenged. The court overruled appellant's contention, and this is assigned as error.

The facts are these: The station house at Celeste was owned by the Missouri, Kansas & Texas Railway Company of Texas, but was jointly occupied and used by it and appellant. There was only one waiting room for white passengers, one stove for heating the same, and one ticket office, from which tickets were sold by the agents of both carriers. Each carrier maintained separate agents and clerks and separate ticket cases and stationery, but jointly occupied and used the premises. Trains operated by these carriers arrived and departed frequently, and the waiting room was kept open at all times and was used indiscriminately by passengers arriving and departing on trains operated by both carriers. The record fails to disclose that any effort was made to restrict the use of the waiting room by the passengers of either company to one hour before the arrival and one hour after the departure of their respective trains; on the contrary it appears that at all times the waiting room was open for occupancy by those arriving and departing on trains, without distinction. Mr. Williams, one of the plaintiffs, testified that during the time they were in the station he requested one of the employees in charge to build a fire. This was denied by W. H. Lamb, who, as clerk for the Missouri, Kansas & Texas Railway Company, was on duty at the time. He said:

"If he (meaning Williams) had requested me to build a fire in the station while I was on duty for the Katy (Missouri, Kansas & Texas Railway Company), I would have done it. If he had complained that his wife was cold, I would have made a fire. * * * If it was cold enough for a fire in the depot, it was my duty to make one, in order to keep the people comfortable. * * * There was only one white waiting room at Celeste and only one stove in the waiting room, and we both made fires in the stove, the Santa Fé (defendant) man and myself. There was one ticket office in common, a waiting room in common, and a stove in common. * * *

"The waiting room of the railroad was kept open for the accommodation of people who came there to take trains; if it had ever been closed I don't know it; it was kept open especially during the time I was on duty, and the lights were turned on when it got dark enough. * * * I said we did not lock the station at night. We locked the office and the baggage room. The waiting room was kept open. If people had business in there, they went in. Many people went in there and sat down and waited until their trains came."

H. L. Dismukes, clerk for appellant on duty at the time, said that he was not requested by any one to build a fire in the stove on the occasion, nor was any complaint made to him that the waiting room was cold, and in this connection testified further:

"If any one had complained to me, whether before I went to supper (6 o'clock) or after I had returned from supper (7:30 p. m.) and asked me to build a fire, I would have built one. If the depot was cold enough that it was uncomfortable to me, or I thought it was uncomfortable to others, I would have built a fire. * * * The door of the waiting room is supposed to be left open for passengers, for any one that goes off on a train, either the Santa Fé or the Katy. It is true that there was a common passenger station for both companies."

[1] Thus it is apparent that the passenger waiting room at Celeste was at the time used indiscriminately by both carriers, that it was kept open at all times for the accommodation of arriving and departing passengers on both roads, and that each company recognized a duty to keep the waiting room warm when necessary for the comfort of the occupants;

in other words each maintained the waiting room as though the station was separate and not joint. It follows, therefore, without reference to the statute, that appellant owed plaintiffs the common-law duty to exercise reasonable care to provide warmth for their comfort. The allegations of the parties, in our opinion, sufficiently presented this theory, and, being supported by the evidence, was correctly submitted.

On the former appeal (268 S. W. 150, 151), the Commission of Appeals, after discussing the statutory duty of the carrier to keep the waiting room warm for the comfort of the passengers, announced the following rule with reference to their duty at common law:

"However, if they should keep them [waiting rooms] open, and in use for the accommodation of the public at times other than as required by article 6591 [now article 6395], they must use care to keep them heated when necessary to prevent injury to those lawfully occupying them."

In McDonald v. Railway Co., 26 Iowa, 138, 95 Am. Dec. 114, Judge Dillon, for the Supreme Court of Iowa, announced the same doctrine in the following language:

"I have no hesitation in saying, that, without any statute enacting it, there is a common-law duty on these companies to provide reasonable accommodations at stations for the passengers who are invited and expected to travel on their roads."

See, also, T. & P. Ry. Co. v. Cornelius, 10 Tex. Civ. App. 125, 30 S. W. 720; I. & G. N. Ry. Co. v. Pevey, 30 Tex. Civ. App. 460, 70 S. W. 778.

We hold, therefore, that as plaintiffs were invited to enter and remain in appellant's waiting room until the arrival of its 9:30 p. m., train, it owed them the duty to exercise reasonable care to provide warmth for their comfort, such as was demanded by the condition of the weather. We therefore overrule this contention of appellant.

[2] Appellant assigns as error the concluding language of the fourth and fifth paragraphs of the court's charge, as being on the weight of the evidence, in that it assumed that Mrs. Williams was exposed to cold while in the waiting room and suffered the injuries alleged in her petition. The language of the charges called in question is as follows:

" * * * And if you further believe that the failure of the defendant's agents in charge of said depot to make a fire in the depot and warm the waiting room, if it was not warm during said time, was the proximate cause of the plaintiff's suffering all or any of the injuries described in her petition in this case, then you will find for the plaintiff."

The objection urged by appellant below to these charges was that they were upon the weight of evidence, in this, they assumed that Mrs. Williams did suffer with cold while in defendant's waiting room. The objection now presented in the assignment, is not the same made to the charge. It is one thing to suffer with cold and quite another to suffer injuries as the result of the exposure. The objections to the charge now presented, not having been urged below, were waived and cannot be presented here for the first time. Article 2185 (1971—2), Rev. St. 1925; Garcia v. Hernandez (Tex. Civ. App.) 226 S. W. 1099, 1101.

[3] Furthermore, it is our opinion that appellant is estopped to urge these objections, even if they had not been waived, for the reason that the language objected to is almost identical with that employed by the defendant below in its third and fifth requested charges on the issue of contributory negligence.

In St. L. Ry. Co. of Texas v. Knight, 20 Tex. Civ. App. 477, 49 S. W. 250, the court said:

"Appellant cannot complain that the court has charged the jury in the very language requested by it." H. E. & W. T. Ry. Co. v. Richards, 20 Tex. Civ. App. 203, 49 S. W. 687, 690; Baca v. S. A. & A. P. Ry. Co., 32 Tex. Civ. App. 210, 73 S. W. 1073; Ellyson v. I. & G. N. Ry. Co., 33 Tex. Civ. App. 1, 75 S. W. 868, 871. We therefore overrule this contention.

[4, 5] Appellant urges the following proposition on the issue of contributory negligence:

"Appellant specially pleaded contributory negligence on the part of both plaintiffs in going to the waiting room about five hours before the time for their train to arrive and voluntarily remaining there when they could have gone to a comfortable place. In the eighth paragraph of the charge the court submits contributory negligence as to Mrs. Williams only and as to her in a very general way. Appellant by its special charge No. 3 requested the submission of this issue as to both plaintiffs upon the facts alleged and shown by the evidence, which special charge was refused by the court. The court erred in giving the eighth paragraph of the general charge and in refusing said special charge."

In pleading contributory negligence, appellant did not allege two groups of facts, one constituting contributory negligence on the part of the wife and another separate and distinct group that constituted contributory negligence on the part of the husband. The evidence failed to show that Mr. Williams' conduct differed from that of his wife in a sense that would authorize a separate submission of the issue as to him. The evidence showed that Mr. Williams requested some attaché of the depot to build a fire and even went in search of fuel with which to build a fire himself. To this extent only was his conduct different from that of his wife, but instead of supporting the issue of contributory negligence, its tendency was to disprove the same. The situation, in our opinion, did not call for a separate submission of

the issue as to Mr. Williams, but if in this we are mistaken, the error was harmless, in that the issue was correctly submitted as to Mrs. Williams, and the finding of the jury against the plea was in effect a finding that neither was guilty of contributory negligence, the acts and conduct of both being identical. As the verdict is fully sustained by the evidence, this contention of appellant is also overruled.

[6] Appellant makes the further contention that the court erred in placing the burden of proof on appellant to establish its plea of contributory negligence. The general rule of law is that the burden of proof rests upon a defendant to establish his plea of contributory negligence. This rule is subject to exceptions, that is to say, where the legal effect of plaintiff's allegations reveal prima facie his own negligence as a matter of law, he must plead and prove such other facts as will rebut this legal presumption; also, where the undisputed evidence establishes prima facie, as a matter of law, contributory negligence on the part of the plaintiff, the burden is upon him to show additional facts from which a jury on the whole case may acquit him. G. C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538.

We do not take appellant's view of this matter. Neither the allegations of the petition nor the evidence made a prima facie case of negligence as a matter of law against plaintiffs. We hold, therefore, that the court did not err in placing the burden of proof upon appellant to establish its plea of contributory negligence.

[7, 8] Appellant contends that the court erred in refusing to give its second special charge. This charge would have supplied no omission in the general charge, hence was not justified for that reason. Furthermore, it was properly refused because it ignored the theory of the defendant's liability based on the violation of its common-law duty, a dominant issue fully sustained by the evidence.

We are of the opinion that the court would not have been justified under the evidence in giving special charge No. 5. This contention was made on the former appeal based on the same facts and denied by the Court of Civil Appeals, and while a writ of error was granted and the cause reversed and remanded, this ruling was not disturbed.

[9] The assignment based on the action of the court in admitting the testimony of Dr. Peak over appellant's objection is not well taken; for these reasons, a sufficient predicate for the hypothetical question is found in the record, and the objection in other respects goes to the weight rather than to the admissibility of the evidence.

Failing to find reversible error, the judgment below will be affirmed.

Affirmed.