### ROWE v. TREUDE et al. (No. 554.)

Court of Civil Appeals of Texas. Waco. Sept. 29, 1927.

1. **Appeal and error ⬤⇒882(14)—Party requesting submission of issue is estopped to deny that such issue was for jury.**

In action by assignee of note given for tractor, plaintiff, having requested issue as to whether such tractor was worthless, is estopped to deny that such issue was one of fact for determination of jury.

2. **Bills and notes ⬤⇒351—Total failure of consideration is valid defense to action on note by one purchasing after maturity.**

Total failure of consideration for note is valid defense, in action thereon by one. who purchased after maturity, since in such circumstance note was subject to any defense that would have been available, as against original payee.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by J. F. Rowe against Gus C. Treude and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. V. Dunnam, of Waco, for appellant.

J. P. Word and H. J. Cureton, both of Meridian, for appellees.

STANFORD, J. Suit by appellant on a note for $300 executed by appellees Gus C. Treude and E. Simmons, as makers, said note dated May 12, 1924, and due September 15, 1924, and payable to the order of the Clifton Mercantile Company. Appellant alleged further that he was the legal owner and holder of said note for a valuable consideration. Among other matters, appellees Treude and Simmons alleged as a defense that said note was given to the Clifton Mercantile Company in part payment for a Fordson tractor, which at the time of its sale to Treude was warranted and gugaranteed by the Clifton Mercantile Company and O. C. Orbeck, its president and manager, to be in good shape and in perfect repair and all right in every way, and would do the work properly for which it was intended, all of which representations were made by the said Clifton Mercantile Company and O. C. Orbeck as an inducement to get appellees Treude and Simmons to sign said note; that both of said appellees believed said representations to be true and relied upon same and did not know otherwise and were thereby misled and deceived and induced to buy said tractor and sign said note in part payment therefor, and but for said representations they would not have bought said tractor and signed said note. Said appellees Treude and Simmons alleged further that said representations were false and untrue, and that in truth and in fact said tractor was not in good repair, but was worn out and not usable at all and was absolutely worthless, by reason of which the consideration for said note had wholly failed. There were other issues made by the pleading and evidence, but said other issues are immaterial, we think, to a proper disposition of the case.

It was agreed on the trial that appellant, Rowe, purchased the note sued upon after maturity. In response to special issues, the jury found: (1) In the sale of the tractor, the Clifton Mercantile Company did guarantee that it would run and do its work properly: (2) that the tractor in question was not in condition nor was it put in condition by the Clifton Mercantile Company to run and do its work properly.

In response to special issue submitted at the request of appellant, J. F. Rowe, the jury found: The Fordson tractor and disc plow sold and delivered to Gus Treude by the Clifton Mercantile Company was worn out and worthless at the time the same was sold and delivered to him.

There were other issues submitted, and answers made thereto by the jury, but same have no bearing upon the findings of the jury on the main issue as above set out, and so are not material to a disposition of this appeal.

[1, 2] The findings of the jury above set out are amply supported by the evidence, and fully established appellees' plea of total failure of consideration. In fact, the issue having been requested by appellant and given by the court, as to whether or not said tractor was worn out and worthless at the time same was sold and delivered to appellee Treude by the Clifton Mercantile Company, appellant is estopped to deny said issue was one of fact for the determination of the jury. St. Louis & S. W. Ry. Co. of Tex. v. Knight, 20 Tex.

Civ. App. 477, 49 S. W. 250; Over v. M., K. & T. Ry. Co. (Tex. Civ. App.) 73 S. W. 535; Western Union Tel. Co. v. Bryson, 25 Tex. Civ. App. 74, 61 S. W. 548. The note sued upon, having been purchased by appellant after its maturity, was subject to any defense that would have been available as against the original payee, the Clifton Mercantile Company, and the findings of the jury, sufficiently supported by evidence, showing there was a total failure of consideration for the execution of said note, the trial court correctly rendered judgment for defendants.

We have examined all of appellant's assignments, and, finding no reversible error, overrule same.

The judgment of the trial court is affirmed.