## SMITH v. DALLAS RY. CO. (No. 10182.)

Court of Civil Appeals of Texas. Dallas. May 12, 1928.

Rehearing Denied June 16, 1928.

**I. Carriers ⬅318(10)—Finding that negligence in suddenly starting street car was not proximate cause of passenger's injuries held contrary to evidence.**

In action against street railway company for injuries to passenger, jury's finding that defendant's negligence in suddenly ˙starting car was not proximate cause of injuries *held* contrary to evidence, where witnesses for both parties agreed that plaintiff fell in car just as it started and there was no suggestion that she fell from any other cause. ˙

**2. Carriers ⬅348(13)—Refusal to charge that burden was on defendant street railway company to prove injured passenger's contributory negligence held prejudicial error.**

In action against street railway company for injuries to passenger falling in car when it started suddenly, refusal to charge that burden was on defendant to sustain its pleas of contributory negligence by preponderance of evidence *held* prejudicial error.

**3. Trial ⬅215—Court must properly charge jury on burden of proof, though case is submitted on special issues.**

It is trial court's duty, when requested, to charge the jury properly on the burden of proof, though case is submitted on special issues.

**4. Negligence ⬅122(2)—Plaintiff's testimony, not establishing prima facie case of contributory negligence as matter of law, did not relieve defendant of burden of proof.**

While plaintiff's testimony with its legitimate implications could be appealed to in support of pleas of contributory negligence, defendant was not relieved of burden of proof on such issue, where such testimony did not indisputably establish a prima facie case of contributory negligence as matter of law.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Mrs. Annie Smith against the Dallas Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Carden, Starling, Carden & Hemphill, of Dallas, for appellant.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellee.

LOONEY, J. Mrs. Annie Smith sued Dallas Railway Company to recover damages for personal injuries sustained from a fall while a passenger upon one of defendant's street cars. Plaintiff alleged in substance that her injuries were the proximate result of the negligence of defendant in the manner in which the motorman started the car after it had stopped to let off passengers while she was preparing to alight from the same, thereby throwing her down in the car and causing the injuries of which she complained.

Defendant answered by a general denial and pleaded several acts and omissions on the part of plaintiff that constituted contributory negligence. The case was tried to a jury, and in answer to special issues found that defendant was guilty of negligence in the manner of starting the car on the occasion, but that the same was not the proximate cause of plaintiff's injuries. They also

found that plaintiff was guilty of contributory negligence in several respects that proximately caused her injuries. On this verdict the court rendered judgment for defendant, from which this appeal is prosecuted.

Appellant presents for our consideration alleged errors of the court in refusing a new trial, because of misconduct of the jury, misconduct of appellee's counsel in argument, of newly discovered evidence and other grounds, but, as the case will be reversed for reasons hereinafter stated, other questions will not be considered as it is not probable they will arise on another trial.

[1] One of appellant's contentions is that the finding of the jury to the effect that the negligence of defendant in starting the car with suddenness was not the proximate cause of her injuries was contrary to and not supported by the evidence. This contention is, in our opinion, well taken. The jury having ascertained that the car was negligently started on the occasion, the conclusion is inescapable that the negligence so found was at least a proximate cause of appellant's injuries, as witnesses both for plaintiff and defendant were in absolute accord on the fact that appellant fell in the car just as it started, and there is no suggestion that she fell from any other cause. This incorrect finding, however, would not require a reversal of the cause if the issues of contributory negligence found against appellant had been properly submitted.

[2] Appellant by appropriate assignments and propositions complains of the action of the court in refusing to charge the jury at her request that the burden of proof was on appellee to sustain by a preponderance of the evidence its pleas of contributory negligence. This contention must also be sustained. The court submitted to the jury four special issues on contributory negligence, but failed to place the burden of proof to sustain same on appellee. A timely objection was made by appellant, calling attention to the omission, followed by a request for an appropriate instruction, which, if given, would have supplied the deficiency in the main charge. The refusal to give this charge was, in our opinion, prejudicial error.

[3] It has been repeatedly held that, notwithstanding a case may be submitted on special issues, it is the duty of the trial court, when requested, to charge the jury properly on the burden of proof. The prevailing rule on the subject was announced by Judge Hall, for the Amarillo court, in Sanger v. First National Bank of Amarillo (Tex. Civ. App.) 170 S. W. 1087, 1092, as follows:

"Appellant asked the court to give several special charges, including one upon the burden of proof and the law with reference to the sale of corporate stock. Even if a case is submitted upon special issues, the court, if requested, should charge the jury with reference to the rules of law applicable to such issues, including a charge on the burden of proof. Texas Baptist University et al. v. Patton et al. [Tex. Civ. App.] 145 S. W. 1063; Southern Cotton Oil Co. v. Wallace, 23 Tex. Civ. App. 12, 54 S. W. 638; Cole v. Crawford, 69 Tex. 124, 5 S. W. 646."

Also, see Wichita Falls, etc., R. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570, 573.

[4] Appellee contends, however, that, as each issue of contributory negligence was raised by appellant's own testimony, it was thereby relieved of the burden of proof.

In G. C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 162, 30 S. W. 902, 904 (28 L. R. A. 538), Judge Denman, writing for the Supreme Court on this subject, said:

"We are of the opinion that the great weight of authority, as well as the reason of the law, is in favor of the rule which imposes the burden of proof upon defendant to establish plaintiff's contributory negligence, and it may be considered the settled law in this state. Railway v. Murphy, 46 Tex. 360 [26 Am. Rep. 272]; Railway v. Cowser, 57 Tex. 300; Railway v. [Spicker] 61 Tex. 429 [48 Am. Rep. 297]; Railway v. Redeker, 67 Tex. 189 [2 S. W. 513]; Railway v. Bennett, 76 Tex. 153 [13 S. W. 319]."

To this general rule there are two well-defined exceptions; the one invoked by appellee in this case was stated by Judge Denman in the case just cited as follows:

"When the undisputed evidence adduced on the trial establishes prima facie, as a matter of law, contributory negligence on the part of plaintiff, then the burden of proof is upon him to show facts from which the jury, upon the whole case, may find him free from negligence; otherwise, the court may instruct a verdict for defendant, there being no issue of fact for the jury. Sanches v. Railway, 88 Tex. 117 [30 S. W. 431], and cases cited; Cassidy v. Angell, 12 R. I. 447 [34 Am. Rep. 690]; Railway v. Sympkins, 54 Tex. 618 [38 Am. Rep. 632]." Page 163, 30 S. W. 905.

While it is doubtless true the testimony of appellant with its legitimate implications could be appealed to in support of the several pleas of contributory negligence, yet it cannot, in our opinion, be correctly said that her testimony, or the evidence adduced by her, established, indisputably, a prima facie case of contributory negligence as a matter of law; therefore, under the rule announced by the Supreme Court, the laboring oar was not shifted to her on those issues. Also, see H. & T. C. R. Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386; G. C. & S. F. Ry. Co. v. Williams (Tex. Civ. App.) 290 S. W. 846, 849.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded for further proceedings.

Reversed and remanded.