## DOTY v. SIDALL. (No. 7349.)

Court of Civil Appeals of Texas. Austin. April 3, 1929.

Rehearing Denied April 24, 1929.

J. N. Townsend, of Dallas, for appellant.

G. H. Crane, of Dallas, for appellee.

BLAIR, J. Appellee sued appellant upon contract for $150, alleging that appellant agreed to pay him that sum, to scrape and prepare the floor of her dance hall for dancing purposes; that he did the work in a good, first-class, workmanlike manner; that appellant accepted said floor and work, but refused to pay for same. Appellant answered that appellee had not put the floor in a good, first-class condition suitable for dancing purposes, but that same was less suitable for dancing purposes when he finished than when he began, and for which reason she refused to pay him for the work done. The testimony of the parties followed substantially the allegations of their respective pleadings, and the following issue was submitted to the jury: "Did the plaintiff put the dance hall floor in controversy in the condition agreed upon between the parties?" The jury answered, "Yes," and judgment was for appellee for $150.00; hence this appeal.

In connection with the issue submitted, the court, over appellant's objection, instructed the jury as follows: "It is incumbent upon the plaintiff to establish the affirmative of the above special issue, and if they have failed to do so, you answer such issue in the negative."

This charge was timely objected to as not being a proper or lawful charge on the burden of proof, misleading and confusing to the jury, and because it failed to instruct the jury that appellee must establish the affirmative of the issue "by a preponderance of the evidence." Appellant also submitted a correct charge on the burden of proof, which the court refused to give. Clearly the court erred in giving the erroneous charge, and also in refusing to give the correct requested charge on the burden of proof. The jury were left without any guide as to the quantum of proof, and were authorized to find that appellee had met the burden of proof on the issue by any affirmative evidence, whether it preponderated in his favor or not. Smith v. Dallas R. Co. (Tex. Civ. App.) 8 S.W.(2d) 548; Gamble v. Martin (Tex. Civ. App.) 151 S. W. 327.

The only excuse offered by appellee for the action of the trial court in respect to the charge is that since appellant admitted the contract, but in effect pleaded a failure of consideration for it, she therefore had the burden of proof on the issue, and the erroneous charge was harmless. But such is not the suit under the pleadings. Appellee alleged that he had done certain work in the manner provided by a contract, and was therefore entitled to be paid the contract price. Appel-

lant answered that he had not done the work in the manner provided by the contract, and was therefore not entitled to be paid the contract price. Clearly appellee had the burden of proof upon the issue thus made by the pleadings.

The cause will be reversed and remanded for another trial.

Reversed and remanded.