## GUARANTY STATE BANK OF HUTCHINS v. BEARD. (No. 10414.)

Court of Civil Appeals of Texas. Dallas.
April 30, 1929.

Rehearing Denied June 1, 1929.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellant.

House & Wilson, of Dallas, for appellee.

LOONEY, J. W. C. Beard sued Guaranty State Bank of Hutchins (now Hutchins State Bank), and alleged substantially that on February 14, 1924, he deposited with defendant the sum of $734, and on January 22, 1924, $1,000, but that defendant gave him credit for only $250 of the first amount deposited, and only $100 of the second amount, leaving the sum of $1,384 uncredited; that during the years 1924 and 1925 defendant wrongfully charged plaintiff's account with various items, a list of which is set out in plaintiff's trial amendment, aggregating the sum of $2,303.99, making a total claim of $3,687.99, for which he sought judgment. The case was submitted to a jury, and, as their answers to special issues were altogether favorable to plaintiff, the court rendered judgment in his favor for the amount claimed, from which defendant bank has appealed.

As the case will be reversed and remanded, we will not indicate our opinion in regard to the value of the evidence, except in so far as

may be necessary to illustrate our holdings. In submitting issues as to the alleged unauthorized items charged by the bank against the account of plaintiff, the court employed substantially this form: "Did plaintiff [stating the date involved] authorize defendant bank to charge [describing the item] against his account?" The bank objected, and has assigned error, as to each submission, on the ground that the court failed to tell the jury what would constitute authority; that is, failed to define the word "authorize," as used in the charge.

The rule is now well settled that a timely objection to a charge, defective in failing to give proper explanations and definitions of legal terms, as required by article 2189, R. S. 1925, is a sufficient basis for an assignment, and that a litigant is not required to follow up the objection by requesting the submission of a proper charge curing the defect. See Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Texas Pacific Coal & Oil Co. v. Stuard (Tex. Civ. App., on rehearing) 7 S.W.(2d) 878–882. However, we do not deem it necessary to determine the validity of this objection to the court's charge, for the reason that, if error, it was invited by defendant, in that, in its requested issue No. 5, the identical term used by the court was employed; hence it is estopped now to say that the court erred in using the very language in which its requested charge was couched. See St. Louis, etc., R. Co. v. Knight, 20 Tex. Civ. App. 477, 49 S. W. 250; Gulf, C. & S. F. R. Co. v. Williams (Tex. Civ. App.) 290 S. W: 846–848.

The record discloses that a negro, Dan Butler, was plaintiff's tenant during the years 1924 and 1925, and that plaintiff loaned him money with which to crop; that notes were taken by plaintiff, evidencing the different advances, and these were left by plaintiff with defendant bank for collection. The evidence clearly indicates that at the time plaintiff took the notes he delivered neither cash nor checks to Butler, but that it was understood the money borrowed would be advanced by the bank to Butler, when and as requested, and charged to plaintiff's account. A number of the items challenged by plaintiff were for money the bank paid Butler.

In submitting the issues in regard to the Dan Butler items, the court charged, with reference to each, as follows: "Did plaintiff [giving the date] authorize the bank to charge [describing the item] against his account?" In this status of the record, defendant requested, and the court refused to give; the following: "Did plaintiff intend, at the time he left Dan Butler's notes with the bank, that the amount of the notes should be advanced to Butler by the bank?"

We think the court erred in refusing to give the special charge. It may be true, and

the jury was authorized to so find under the charge, that plaintiff neither signed nor specifically authorized the drawing of the Butler checks; yet the evidence clearly presented the issue that, when plaintiff made the different advances of money and took Butler's notes, he neither delivered cash nor issued checks, but left the notes with the bank for collection, intending that the bank should pay Butler the money as and when needed by him. Defendant was entitled to have this theory passed upon by the jury. The purpose of an instruction is to present an issue in the form most intelligible, and a denial of such an instruction necessarily prevents the litigant's theory of his case from being passed upon by the jury.

■■ Another item challenged by plaintiff is one for $700. With reference to this the bank contended that it held plaintiff's note, and the charge was made in its settlement. As a witness in his own behalf, plaintiff denied the execution of the note, and the chattel mortgage claimed to have been given for its security, whilst, on the other hand, Mr. Ayers, manager of the bank, testified that he prepared and plaintiff executed both the note and chattel mortgage; that the note for $700 included balance due defendant on a $600 note, also a note for $65, leaving $307, which was credited to plaintiff's account. The court submitted this issue as follows: "Did plaintiff, Beard, authorize defendant bank to charge against his account the sum of seven hundred (700) dollars in payment of a note on October 7, 1925?"

Defendant requested, and the court refused to submit, the following: "Did plaintiff, after Frank Ayers took charge of the bank, execute his note to the bank for $700?" This charge presented defendant's theory, was authorized by evidence, and should have been given, for, if defendant held plaintiff's past-due note, the law authorized the charge against plaintiff's account. See Cook, etc., v. Citizens' State Bank (Tex. Civ. App.) 282 S. W. 888–890; Harper v. First State Bank (Tex. Civ. App.) 3 S.W.(2d) 552, 553.

■ It appears from plaintiff's testimony that, on or about January 14, 1924, he had to his credit in the First National Bank of Lancaster, Tex., the sum of $6,734.15; that on that date he drew out in cash the sum of $734.15, and deposited with defendant $734, but was credited with only $250; that on January 22, 1924, he withdrew from the Lancaster bank $1,000, deposited same with defendant, but was credited with only $100; that later he drew out of the Lancaster bank, on a cashier's check, $3,000, and deposited same with defendant, and on March 31, 1924, deposited with defendant $2,000, in the shape of a check on the Lancaster bank, thus exhausting his account there. In this status of the evidence, the court admitted, over defendant's objec-

tion, a letter dated September 10, 1926, written by Mr. Perry, cashier of the Lancaster bank, to plaintiff, reading as follows:

"Dear sir: We are in receipt of your favor of the 7th regarding the Harben matter, and in reply beg to advise that our records show the following statement on January 11, 1924:

| | |
|---|---|
| Amount allowed you for Harben note.... | $14,000 00 |
| Check from Harben for your account... | 1,476 50 |
| | $15,476 50 |
| From this was deducted, for your note to Mortgage Co., principal $8,000.00, interest $640.00, $8,640.00, and your note to First National $102.35 ......................... | 8,742 35 |
| Leaving the net amount due you......... | $ 6,734 15 |

"This amount was paid as follows:

| | |
|---|---|
| January 14, 1924, cash..................... | $   734 15 |
| January 21, 1924, cash..................... | 1,000 00 |
| February 20, 1924, Dallas exchange........ | 3,000 00 |
| March 31, 1924, Dallas exchange........... | 2,000 00 |
| | $ 6,734 15" |

The writer was not under the penal sanction of an oath when the letter was written; no opportunity was afforded defendant for cross-examination; the letter is unquestionably hearsay and relates to a material issue involved in the suit. We think the court erred in permitting plaintiff to fortify his testimony in that manner, and, are unable, in view of all the facts and circumstances, to say but what the same may have influenced the jury.

We do not think it can be correctly said that the error was harmless, on the theory that the evidence was simply corroborative of uncontradicted evidence, because plaintiff's evidence does not stand wholly uncontradicted, in that the record reveals a number of circumstances and implications that contradict his contention.

For the reasons indicated, the judgment below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.